■ In the Matter of ANTONIO G., an Infant Alleged to be Permanently Neglected. ANGEL GUARDIAN HOME, Appellant; CANDIDA F., Respondent, et al., Respondent.—In a proceeding pursuant to article 6 of the Family Court Act, to declare a child to be permanently neglected, petitioner appeals from an order of the Family Court, Kings County, dated February 24, 1977, which, after a fact-finding hearing, dismissed the petition. Order affirmed, without costs or disbursements. Shortly after his birth in 1971, Antonio G. was voluntarily placed in the care of the petitioner home by his mother. The reason for the placement was her inability to care for her son because of her medical condition, which included suffering from asthma, a heart condition and thyroid problems. She has never been accused of any wrongful or abusive acts toward her children. The placement was not for the purposes of adoption. It was always her intention to have the child returned to her. During the years the child was with the foster home his mother appeared for all the visits arranged for her by the agency except when illness forced her to cancel the appointments. Unfortunately, for a number of reasons, the mother has found it difficult to develop a warm relationship with the child. She speaks only Spanish and although the child is being raised in a home that is bilingual, during the visits the child would only speak English. Furthermore, despite her requests, she was never able to arrange for overnight visits, or even to have the child visit with her in her own home. Her attempts to find a larger apartment to provide for the child were frustrated by the rules of the Social Services Department which would not increase her grant for the increased rent until the child was discharged to her. However, the home apparently refused to discharge the child until a

larger apartment was obtained. Furthermore the agency failed to sufficiently encourage a significant relationship between the mother and the child. It made only a limited effort to enlist the support of other family members to help the mother, and would not allow any visitation at her home, overnight, or even at the agency, except when the foster mother was present. Thus, the decision of the Family Court is clearly supported by the evidence. The finding that the agency has not met its burden of proving neglect must be affirmed (cf. *Matter of Orlando F.,* 40 NY2d 103). The hearing, however, was held two years ago. Therefore, our affirmance of the order appealed from is only relevant to the facts as they existed at the time of the hearing and should not preclude any further efforts or proceedings by the agency, if considered to be in the child's best interests. (See *Matter of Bennett v Jeffreys,* 40 NY2d 543; see, also, *Matter of Sanjivini K.,* 63 AD2d 1021.) Mollen, P. J., Latham, Damiani and Suozzi, JJ., concur.