■ In the Matter of WILLIAM DWAYNE B. and Another, Children Alleged to be Permanently Neglected.—Order unanimously affirmed, without costs. Memorandum: Petitioner Erie County Department of Social Services commenced this proceeding seeking to terminate permanently respondent's parental rights to her two children. Following a hearing, Family Court concluded that there was an inadequate factual predicate. We agree.

Following the removal of her children from her home in December 1980, respondent's contact with them was sporadic; she visited them 18 times in 1981, with most of the visits clustered around the summer months. Starting in January 1982, petitioner worked extensively with respondent in an effort to encourage and expand her visitation privileges, which included overnight weekend visitations. With the assistance of a support agency, petitioner attempted to formulate a plan with respondent whereby she could regain custody of her children and a contract was entered into by respondent and petitioner designed to achieve the desired goal. Despite this, respondent failed to avail herself fully of the expanded visitation schedule and only occasionally utilized the counseling arrangements that were part of the plan to aid respondent. Petitioner exercised seven weekend visits through the first six months of 1982. Thereafter, weekend visitation ceased and respondent visited her children only three times during the last six months of 1982. She had attended six counseling sessions during the year.

In spite of this irregular course of cooperation by respondent, petitioner continued its efforts to aid in devising a plan

with respondent for herself and her children, and in January 1983 another contract was entered into in which respondent was to work with petitioner and other support agencies in an effort to reunite respondent and her children. This contract noted that if the contract is not complied with the caseworker will file for termination of parental rights in Family Court. We note that the record in this case does not contain copies of the contracts, but from the testimony of witnesses it does not appear that the terms contracted for were overly demanding. Following this agreement, respondent's visits with her children increased somewhat—14 visits during the first seven months of the year. For reasons not stated in the record, visitation with the children ceased abruptly in July of 1983. Respondent attended only two counseling sessions in 1983 before the petition for termination was filed in September of that year.

It is clear that significant assistance has been provided to respondent by petitioner and that respondent entered into contracts with petitioner designed to enable her to regain custody of her children. It is also clear that she has failed to live up to the terms of her agreements. "Parents must themselves assume a measure of initiative and responsibility; they have a duty to plan for the future of their child, and a failure to utilize medical, psychiatric, psychological and other social and rehabilitative services and material resources will be taken into account in determining whether parents have in fact met their statutory responsibility" (*Matter of Jamie M.,* 63 NY2d 388, 393).

While respondent has demonstrated her irresponsibility in attempting to deal with her predicament, on this record we cannot say that she so "substantially and continuously or repeatedly [failed] to maintain contact with or plan for the future" of her children (Social Services Law § 384-b [7] [a]) as to warrant so drastic a result as termination of her parental rights. We observe that the record is deficient in several respects. The record contains almost no information about the original facts leading to the Department acquiring custody of these children, other than hearsay information from the caseworker that the children had been found alone in their dwelling. Respondent testified that she had left the children in the dwelling with the younger child's father after she, herself, had been beaten by him and that she intended to retrieve the children the next day. There is no evidence in the record that respondent had ever been an inadequate parent prior to this time (a five-year period), nor was there any indication that her

care of the children during the weekend visits was in any way deficient. The record is peculiarly silent as to why weekend visitation was cut off in the first place, and the record is completely undeveloped as to whether weekend visitation was ever proposed during 1983 when respondent's rate of visitation had increased markedly. Finally, although respondent was repeatedly threatened with termination if she did not comply with the contracts, there is no evidence in the record that respondent was ever told that she would regain custody of her children if she complied with certain steps.

It may well be that respondent is unwilling to shoulder the parental role and, if so, petitioner is fully justified and, indeed, obligated to proceed with a new termination petition. On the record before us, however, we agree with Family Court that there is not clear and convincing evidence of a failure to plan. (Appeal from order of Erie County Family Court, Killeen, J.— terminate parental rights.) Present—Dillon, P. J., Doerr, Boomer, O'Donnell and Pine, JJ.