■ In the Matter of MICHAEL LOUIS S. (Appeal No. 1.)— Order unanimously reversed on the law without costs and petition dismissed. Memorandum: We conclude, upon our review of the record, that petitioner did not establish by clear and convincing evidence that respondent mother permanently neglected her children *(see,* Social Services Law § 384-b). The record discloses that since the children have been in foster care, the mother has maintained a regular course of visitation and contact with them. Respondent participated in the services to which the agency referred her and desired to establish a family relationship with the children.

The record fully supports the finding that the foundational cause preventing the children from being reunited with their parents was the alcohol abuse of the father. Recognizing this problem confronting respondent with respect to the return of the children, it was the duty of the agency to "make affirmative, repeated, and meaningful efforts to assist the parent in overcoming these handicaps." *(Matter of Sheila G.,* 61 NY2d 368, 385.)* The statutory guidelines provide that "diligent efforts" shall mean reasonable attempts by the agency so that the specific problems facing the parents may be ameliorated (Social Services Law § 384-b [7] [f]).

In our view, meaningful assistance to enable respondent to ameliorate the identified problem of alcohol abuse on the part of the father of the children was not provided by the agency *(Matter of Star A.,* 55 NY2d 560; *Matter of Leon RR.,* 48 NY2d 117, 125).

In view of our conclusion herein, we do not address the failure of the court below to hold a dispositional hearing in conformity with Family Court Act §§ 622, 625, 626 (b) *(see also, Matter of Amber W.,* 105 AD2d 888, 891). (Appeal from order of Orleans County Family Court, Miles, J.—terminate

parental rights.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.