parental rights.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.

■ In the Matter of JOHN WALTER S. (Appeal No. 2.)—Order unanimously reversed on the law without costs and petition dismissed. Same memorandum as in *Matter of Michael Louis S.* ([appeal No. 1] 127 AD2d 1005 [decided herewith]). (Appeal from order of Orleans County Family Court, Miles, J.—terminate parental rights.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.

■ In the Matter of DONNA LEIGH S. (Appeal No. 3.)—Order unanimously reversed on the law without costs and petition dismissed. Same memorandum as in *Matter of Michael Louis S.* ([appeal No. 1.] 127 AD2d 1005 [decided herewith]). (Appeal from order of Orleans County Family Court, Miles, J.—terminate parental rights.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.

■ LAKESHA SINKLER, an Infant, by Her Natural Mother and Guardian, JOHANNA SINKLER, Respondent, v COUNTY OF MONROE, Appellant.—Order unanimously modified on the law and as modified affirmed with costs to plaintiff, in accordance with the following memorandum: The complaint in this action against the County of Monroe alleges that the infant plaintiff was injured due to the negligence of a day-care mother certified by the County of Monroe. The court properly held that the complaint stated causes of action for the county's negligence in selecting and certifying the day-care mother and in improperly supervising the day-care home *(see, Harris v State of New York,* 117 AD2d 298, 302; *Blanca v County of Nassau,* 103 AD2d 524, 530-532, *affd* 65 NY2d 712; *Bartels v County of Westchester,* 76 AD2d 517, 523). The first cause of action, however, attempts to impose liability upon the county on the theory of respondeat superior. The court should have dismissed that cause of action because the county cannot be vicariously responsible for the injuries allegedly inflicted by the day-care mother *(see, Blanca v County of Nassau, supra).*

We reject defendant's assertion that the action is barred by the Statute of Limitations. The statute was tolled by reason of plaintiff's infancy and there is no requirement that plaintiff demonstrate a nexus between the infancy and the failure to bring the action within the stated period of limitation *(see,* CPLR 208). (Appeal from order of Supreme Court, Monroe County, Galloway, J.—dismiss complaint.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.