■ In the Matter of KEVIN PP. and Others, Alleged to be Permanently Neglected Children. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PAMELA QQ., Appellant.—Weiss, J. Appeal from two orders of the Family Court of Cortland County (Mullen, J.), entered April 25, 1988, which granted petitioner's applications, in proceedings pursuant to Social Services Law § 384-b, to adjudicate Kevin PP. and David PP. to be permanently neglected children, and terminated respondent's parental rights.

Kevin PP., born in 1982, and David PP., born in 1983, had been living in a foster home continuously since June 26, 1985. Legal custody had been placed with petitioner on October 31, 1984 for 18 months when the children were adjudicated to be neglected. On June 11, 1986, Family Court extended placement to April 30, 1987 and imposed further terms and conditions upon respondent and her husband, the children's father. Petitioner commenced proceedings in February 1987 to have the children adjudicated permanently neglected and to terminate the parental rights of respondent and the father.* At a fact-finding hearing, following extensive questioning by the Judge on the record in open court, the father consented to an order adjudicating him to have permanently neglected his

---

* Respondent separated from her husband in May 1986 and was divorced in July 1986.

sons. Family Court, in a bench decision, made findings of fact and an adjudication of permanent neglect against respondent. Following the dispositional hearing, Family Court again in a bench decision made separate orders transferring guardianship and custody rights of each child to petitioner, and authorized and empowered petitioner to consent to their adoption without notice to, or consent of, either natural parent. Respondent has appealed.

Respondent's first contention that Family Court failed to consider or misconstrued the evidence is unpersuasive. The statute defines a permanently neglected child essentially as one in the care of an authorized agency, whose parent or custodian has failed for a period of more than one year following the date the child came into the care of such agency, substantially and continuously to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship (Social Services Law § 384-b [7] [a]). Planning for the future of the child is defined as the taking of such steps as may be necessary to provide an adequate, stable home and parental care within a reasonable time (Social Services Law § 384-b [7] [c]). A parent's failure to utilize available medical, psychiatric, psychological and other social and rehabilitative services may be considered by the court in determining whether a parent has planned for the child (Social Services Law § 384-b [7] [c]). Here, there is no evidence that the welfare, medical assistance and food stamps were inadequate or that respondent was physically infirm.

On the other hand, the evidence shows that respondent failed to attend counselling for parental skills, chronic alcoholism, mental health, educational opportunities or employment services, and that she did not secure adequate housing. The testimony shows that she maintained a hostile attitude toward all of the persons who sought to aid her and willfully refused to utilize the services and resources offered by petitioner (see, Matter of Miguel S., 140 AD2d 202, 205) despite orders from Family Court to cooperate and participate. While respondent argued that she wanted to be a good parent on her own, she took no effective steps to advance a reasonable, feasible plan for the future care and custody of her children (see, Matter of Nathaniel T., 67 NY2d 838, 842). Instead, she continued with the course of conduct disregarding even the offer of the court to suspend judgment if she could straighten out her life. Petitioner's efforts to strengthen the parental relationship and

help respondent plan and provide for the future of her children were diligent and comprehensive. Respondent, on the other hand, substantially and continuously failed to cooperate or participate. Upon this clear and convincing evidence, both the finding of permanent neglect and subsequent termination of parental rights were proper and fully supported *(see, Matter of Justin EE.,* 153 AD2d 772; *Matter of Mary Ann FF.,* 129 AD2d 899, *lv denied* 70 NY2d 605; *Matter of June Y.,* 128 AD2d 538). Reliance on *Matter of William Dwayne B.* (112 AD2d 703) is misplaced since this record contains clear and convincing evidence of respondent's failure to plan for the future of her children. The decision of Family Court in both the neglect and dispositional proceedings was both adequate and appropriate.

Respondent's remaining arguments are without merit and require little discussion. Counsel failed to avail himself of adequate time and opportunity to examine those files which petitioner offered in evidence and to move for deletion of inadmissible hearsay *(see, Matter of Miguel S.,* 140 AD2d 202, *supra).* Although statements of the children made to a witness were hearsay and thus improperly admitted in evidence, they were unnecessary to support the findings and not prejudicial in the light of the clear and convincing evidence to support the findings.

Orders affirmed, without costs. Kane, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.