■ In the Matter of SEAN F., and Others, Alleged to be Permanently Neglected Children. OTSEGO COUNTY DEPART-MENT OF SOCIAL SERVICES, Respondent; JANICE F. et al., Appellants.—Casey, J. Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered June 9, 1988, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Sean, Vickie and Dawn F. to be permanently neglected children, and terminated respondents' parental rights.

Based upon our review of the record, we conclude that petitioner failed to prove by clear and convincing evidence that respondent Janice F. (hereinafter respondent)* failed "substantially and continuously or repeatedly to maintain contact with or plan for the future of [her children], although physically and financially able to do so, notwithstanding [petitioner's] diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]). Family Court's order terminating respondent's parental rights must, therefore, be reversed.

Respondent's three children were placed in foster care, pursuant to court order, when respondent and her husband were evicted from their rented mobile home for nonpayment of rent. Petitioner developed a plan to reunite the family, which called for the parents to obtain gainful employment, secure adequate housing and learn to budget their income to provide the children with adequate shelter and food. Respondent's husband was unable and/or unwilling to maintain full-

* Although both parents whose rights were terminated by Family Court's order are named as appellants in the notice of appeal, only respondent has filed a brief on appeal and, therefore, we consider only her appeal.

time employment, although there was work available in his trade as a roofer, and he became increasingly uncooperative with petitioner. Alcohol abuse was at least a contributing factor in the behavior exhibited by respondent's husband. Respondent did obtain full-time employment, but failed to secure adequate housing for her children despite petitioner's repeated warnings that she must do so in order to have the family reunited. Nearly two years after the children were removed to foster care, petitioner sought to have the children adjudicated to be permanently neglected within the meaning of Social Services Law § 384-b (7) (a). After a hearing, Family Court granted the application, and when the parental rights were terminated, this appeal ensued.

A determination of permanent neglect may be based upon a finding of either the statutory failure to maintain contact or failure to plan (Matter of Orlando F., 40 NY2d 103, 110). Family Court herein based its determination of permanent neglect upon findings that respondent and her husband failed to maintain contact with their children and failed to plan for their children's future. On this appeal, petitioner does not contend that the evidence supports a finding that respondent substantially and continuously or repeatedly failed to maintain contact with her children. The record establishes that she consistently took advantage of regular visitation with the children. The fact that the frequency of regular visitation decreased somewhat during the period of foster care does not, in our view, constitute clear and convincing proof of a failure to maintain contact (see, Matter of Amber W., 105 AD2d 888, 891).

Turning to the more difficult question of failure to plan, we reach a similar conclusion. At the heart of Family Court's finding of permanent neglect is respondent's failure to budget her money so that she could secure adequate housing for her three children. As an element of permanent neglect, the statute requires that a parent be physically and financially able to plan for the future of his or her children (Social Services Law § 384-b [7] [a]). There is no evidence in this record concerning either the availability or cost of housing that would be adequate for respondent and her children. Nor is there any proof as to the monthly rental that could be afforded by someone with respondent's modest income. In these circumstances, there is no basis for concluding that respondent was financially able to plan for the future of her children by securing adequate housing.

The record is also lacking in clear and convincing evidence

that respondent was "an utterly un-co-operative or indifferent parent" *(see, Matter of Sheila G.,* 61 NY2d 368, 385). On the contrary, the record shows that respondent regularly met with petitioner's caseworkers and took advantage of the regular visitation schedule established by petitioner. Respondent obtained full-time employment in compliance with the plan established by petitioner. She also made at least some effort to find housing. Although she stopped meeting with the homemaker provided by petitioner to help respondent budget her money so that she could save for a security deposit, the homemaker conceded that there was no money left for saving after respondent paid for food, clothing and shelter for herself and her husband. While respondent demonstrated a certain degree of irresponsibility in dealing with her predicament, the record does not warrant so drastic a result as termination of her parental rights *(see, Matter of William Dwayne B.,* 112 AD2d 703, 704).

Family Court also faulted respondent for failing to cope with the problems created by her husband's alcohol abuse. In particular, the court said, "[Respondent] has declined to establish a home for herself without [her husband] being present which is suitable for herself and her children although she is capable of doing so." Respondent's separation from her husband was never suggested by petitioner. Rather, petitioner repeatedly urged that respondent's husband obtain and maintain full-time employment so that he could contribute the funds necessary to secure adequate housing. Nor did petitioner offer to provide respondent with any services to help her cope with her husband's alcohol abuse *(see, Matter of Michael Louis S.,* 127 AD2d 1005).

For the reasons set forth above, we conclude that based upon this record the children are not permanently neglected within the meaning of Social Services Law § 384-b (7) (a) *(see, Matter of Kip D.,* 115 AD2d 864, 867).

Order modified, on the law and the facts, without costs, by reversing so much thereof as granted the petition against and terminated the parental rights of respondent Janice F.; petition dismissed as to said respondent; and, as so modified, affirmed. Kane, J. P., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.