■ CHARLES HIMES, Individually and as Parent and Natural Guardian of VERONICA HIMES, an Infant, Respondent, v COUNTY OF CHAUTAUQUA, Appellant, and COUNTY OF ERIE et al., Respondents.—Order insofar as appealed from unanimously reversed on the law without costs and County of Chautauqua's motion denied. Memorandum: Supreme Court should have denied defendant County of Chautauqua's motion to dismiss. Plaintiff's complaint must be liberally construed, with every allegation taken as true, to determine whether it pleads a legally cognizable claim (see, Guggenheimer v Ginzburg, 43 NY2d 268, 275; Burlew v American Mut. Ins. Co., 99 AD2d 11, 15, affd 63 NY2d 412; Pietropaoli Trucking v Nationwide Mut. Ins. Co., 100 AD2d 680). The complaint states that defendant County of Chautauqua breached its duty in negligently failing to place Veronica Himes in an appropriate nonsecure detention facility prior to the order of disposition (see, Family Ct Act § 739; County Law § 218-a). The complaint thus states a cognizable cause of action (see, Blanca C. v County of Nassau, 65 NY2d 712; Sinkler v County of Monroe, 127 AD2d 1006; Harris v State of New York, 117 AD2d 298, 302-303;

*Bartels v County of Westchester,* 76 AD2d 517). (Appeal from Order of Supreme Court, Chautauqua County, Ricotta, J.—Dismiss Complaint.) Present—Callahan, J. P., Doerr, Green, Pine and Lowery, JJ.