■ In the Matter of ROBERT F. and Others, Alleged to be Permanently Neglected Children. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; TERRY BB., Respondent. [600 NYS2d 307] —Yesawich Jr., J. Appeal from an order of the Family Court of Chemung County (Castellino, J.), entered March 11, 1992, which dismissed petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children as permanently neglected children.

Respondent is the mother of three children, Robert, Anthony and Nikita. In July or August 1987, Nikita, who was one year old, went to live with an aunt. Later that year, pursuant to Family Court Act § 1024, the two boys were removed from respondent's care; they were found by Family Court to be neglected. In January 1988 an order, on consent, was entered placing the boys in petitioner's custody for 18 months. Respondent was directed to undergo evaluation and, if it was indicated, drug and alcohol rehabilitation treatment. She was also ordered to obtain suitable housing. In June 1989, petitioner was also awarded temporary custody of Nikita.

Respondent failed to obtain the mandated counseling and the temporary custody orders were extended three times, for 12 months each time. Visitation was arranged, initially at the agency offices and later at the children's foster home; during some intervals respondent visited on a fairly regular basis, but at other times visitation was sporadic. In October 1989, the foster family moved from the downtown area of the City of Elmira, Chemung County, to the nearby community of Breesport, approximately 20 miles from respondent's residence. Although respondent continued to visit regularly at the new location for a while, eventually her boyfriend's car became

unavailable and respondent was unable to make many of the scheduled visits. From September 1990 until September 1991, respondent did not visit the children at all and only telephoned four times. In September 1991, with the children still in foster care, petitioner commenced this proceeding seeking termination of respondent's parental rights on the basis of permanent neglect. After a fact-finding hearing, Family Court found, *inter alia,* that petitioner had not established by clear and convincing evidence that it had made diligent efforts to reunite respondent with her children and dismissed the petition. Petitioner appeals.*

Respondent contends that her efforts to maintain contact with the children were thwarted because petitioner arranged for visitation in Breesport on Sunday, when bus service was unavailable, and did not assist her in obtaining transportation to carry out the visitation. At the hearing, she testified that she missed visits for several reasons, including illness and lack of transportation. She also stated her feeling that it was better for the children if she did not visit, because the children's wish to leave with their mother after the visit sometimes left them confused and depressed. Respondent further testified that when the children moved to Breesport, she mentioned to her caseworker that she would have difficulty in visiting there, but that he made no offer to help with transportation or to change the visitation to a day on which bus service would be available. After the move, respondent asserted that she was often unable to arrange transportation for her Sunday afternoon visits. In January 1991, respondent asked to change the place of visitation and even petitioned Family Court, albeit unsuccessfully, to that effect.

Insofar as the caseworker assigned to respondent's case from March 1989 to the time of trial disagreed with respondent's account of her transportation difficulties, this conflict in testimony merely presented a credibility issue which Family Court apparently resolved in favor of respondent; the court's finding is entitled to deference *(see, Matter of Mary S.,* 182 AD2d 1026, 1028).

Respondent's testimony, coupled with the undisputed fact that no steps were taken to inform respondent of transportation services available (bus passes and tokens), nor to inquire

---

* To the extent that this appeal concerns Robert, it is moot because respondent has surrendered custody and guardianship of him to petitioner. The status of Anthony (now nine years old) and Nikita (now six years old) remains at issue.

into whether respondent could make use of these services or whether a shift in the place or day of visitation would facilitate more regular attendance, provide ample support for Family Court's determination that petitioner did not make suitable arrangements to assure that respondent could carry out the visitation provisions of her service plan (see, Social Services Law § 384-b [7] [f] [2]). Petitioner attempts to rely on respondent's failure to request assistance with transportation. Given the agency's superior position and ability, it was petitioner's obligation to assess the parent's needs and then take meaningful affirmative steps necessary to remove obstacles that stood in the way of effecting reunification of the family (see, Matter of Sheila G., 61 NY2d 368, 381). Such steps were not taken by petitioner in this case (compare, Matter of Christina Q., 156 AD2d 770, 772, lv denied 75 NY2d 708).

Moreover, although petitioner found that home visits would not be appropriate until respondent acquired larger living quarters, it did not assist her in doing so, assertedly because it wanted respondent to first complete a program of alcohol counseling. Thus, home visits were effectively ruled out by petitioner's refusal to cooperate in respondent's attempt to obtain suitable housing (see, Matter of Antonio G., 64 AD2d 983, 984).

Respondent is clearly not without blame here; it is undisputed that she has failed to complete an alcohol rehabilitation program, a necessary prerequisite to the return of her children, and that she has been somewhat lax in her attempts to maintain contact with the children, even by mail or phone, when she was unable to visit them. Respondent has, however, completed a parenting course and she tried to secure better housing. Most importantly, it appears that despite not having successfully completed a rehabilitation program, respondent has refrained from drinking for several years and recognizes that her drinking poses a danger to her children. These are not the hallmarks of an "utterly un-co-operative or indifferent parent" (Matter of Sheila G., supra, at 385) who has absolutely frustrated the agency's efforts to fulfill its statutory obligations (see, Matter of Jamie M., 63 NY2d 388, 394). In sum, the record "does not warrant so drastic a result as termination of her parental rights" (see, Matter of Sean F., 155 AD2d 775, 777).

Mikoll, J. P., Levine and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.