■ In the Matter of MICHAEL DAVID W. and Another, Children Alleged to be Permanently Neglected. — Order unanimously affirmed, without costs. Memorandum: The mother appeals from an order denying her motion to vacate orders committing guardianship and custody of two of her children to the Cayuga County Department of Social Services based on findings of permanent neglect after a hearing (Social Services Law, § 384-b, subd 4, par [d]; subd 7, par [a]). She claims to be entitled to a new fact-finding hearing under the "clear and convincing" standard of proof established in *Santosky v Kramer* (455 US 745) which was decided after the court issued its orders. Had the mother properly perfected her appeal from the orders, this court could have reviewed the record to determine whether the proof met the *Santosky* standard (see *Matter of Michael B.,* 58 NY2d 71); there is no reason why we cannot do the same here, where the issue comes before us on appeal from a denial of a motion to vacate the orders. In denying the motion, Family Court found that its previous findings of permanent neglect were supported by "clear and convincing" evidence. On our study of the record, we agree that the elements of section 384-b (subd 7, par [a]) of the Social Services Law necessary to establish permanent neglect were proven with respect to both children by clear and convincing evidence. ¶ The mother also argues that the court erred in proceeding with the hearing in her absence, when she failed to appear for the hearing date. The court, after noting that she had already requested five adjournments resulting in 10 months' delay, found that her absence was voluntary. This finding is supported by the record and the mother does not now dispute it. Her only claim is that the court should have secured her presence by the issuance of a warrant; on this record the court's omission to do so, particularly in the absence of a request by any party, was not an abuse of discretion (Family Ct Act, § 671, subd [a]). (Appeal from order of Cayuga County Family Court, Corning, J. — vacate order terminating parental rights.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JAMES JOHNSON, Appellant. — Judgment, insofar as it convicts defendant of criminal possession of a forged instrument in the second degree, unanimously reversed, on the law and facts, that count of the indictment dismissed, and otherwise judgment affirmed. Memorandum: There was insufficient proof adduced at trial to support a conviction for the crime of criminal possession of a forged instrument in the second degree (Penal Law, § 170.25). Lacking is any evidence to establish that defendant knew that the stolen check which he uttered was forged (see *People v Green,* 53 NY2d 651). (Appeal from judgment of Monroe County Court, Cornelius, J. — criminal possession of forged instrument, second degree.) Present — Dillon, P. J., Denman, Boomer, O'Donnell and Schnepp, JJ.