■ In the Matter of LORETTA OO. and Others, Alleged to be Permanently Neglected Children. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LORETTA OO., Appellant.—Yesawich, Jr., J.—Appeal from an order of the Family Court of Albany County (Coffey, Jr., J.), entered February 16, 1984, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children as permanently neglected, and terminated respondent's parental rights.

In July of 1982, petitioner initiated this permanent neglect proceeding to terminate respondent's parental rights with respect to her three children and for an order granting guardianship and custody of those children to petitioner. At a fact-finding hearing held August 23, 1983 and October 24, 1983, the proof established that the children, born in 1970, 1974 and 1976, have been in foster care and petitioner's custody for most of their lives and continuously since the filing of a neglect petition in January 1981. At that time, petitioner and respondent developed a plan for reuniting respondent with the children. Under the plan, respondent was to visit her children weekly and was to receive weekly counseling, both on an individual and family basis. Of the 66 counseling sessions scheduled between January 27, 1981 and August 6, 1982, respondent attended only 20.

A psychiatrist, who had sundry informal meetings with the children commencing in mid-1981 and who, thereafter, made several formal evaluations of them, testified as to his observations of the children and their relationship with respondent. It was his considered and emphatic opinion that termination of respondent's parental rights was in the best interests of the children. The counseling plan was explained by one of petitioner's caseworkers, and a family counselor bore witness to respondent's limited participation in the plan. Respondent gave a brief account of the circumstances she believed gave rise to the children's removal, her view of her relationship with them, as well as the various agencies engaged in assisting her, and the reasons why she did not always visit the children. Family Court ruled that the children were permanently neglected, ordered respondent's parental rights terminated and awarded guardianship and custody of the children to petitioner. This appeal ensued.

Respondent's principal contention is that petitioner failed to satisfy its statutory duty to make diligent efforts to encourage and strengthen the parental relationship (Family Ct Act § 614 [1] [c]; see, Social Services Law § 384-b [7] [a]). This mandate is satisfied when an agency has assisted a parent, through meaningful efforts, to provide counseling on problems impeding return of the children; plan for the children's future; aid in procuring suitable housing or employment; and schedule regular and significant meetings with the children (*Matter of Sheila G.*, 61 NY2d 368, 384; see, Social Services Law § 384-b [7] [f]).

The record discloses that the affirmative steps taken by petitioner and collateral agencies to reunite this family were not only extensive but consistent with the statute. In an effort to develop and encourage a meaningful relationship between respondent and her children, petitioner arranged for regularly scheduled individual and family counseling, along with weekly visits with her children, all with the purpose of effecting eventual return of the children to her. Moreover, the agency provided her with transportation to and from all meetings. When asked what other therapeutic programs would have benefited respondent, her counselor replied: "I don't know. I think I tried everything I could think of myself." In our view, the evidence is both clear and convincing that petitioner exerted diligent efforts to reunite respondent with her offspring.

The only other issue remaining to be considered is the propriety of Family Court's disposition. Except where there is

a finding of no permanent neglect or where the parties consent to waive their right to a dispositional hearing, Family Court Act § 625 (a) requires that a dispositional hearing be held *(see, Matter of Amber W.,* 105 AD2d 888, 891-892). After the fact-finding hearing herein, Family Court decided that the children were permanently neglected and, without more, ordered termination of respondent's parental rights and committed guardianship and custody of the children to petitioner. This circumvention of a dispositional hearing without the consent of respondent was improper. Remittal for a dispositional hearing is accordingly necessary.

Order reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for a dispositional hearing. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.