■ In the Matter of TORRIN G., a Child Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DORA I., Appellant. [658 NYS2d 712] —Crew III, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered February 13, 1996, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Torrin G. a permanently neglected child, and terminated respondent's parental rights.

Respondent is the biological mother of Torrin G. (born in 1994). Torrin tested positive for cocaine at birth and immediately was placed in foster care. A neglect petition subsequently was filed and, in May 1994, Family Court adjudicated Torrin to be a neglected child and continued his placement with petitioner. Thereafter, in June 1995, petitioner commenced the instant proceeding alleging that Torrin was a permanently neglected child and seeking to terminate respondent's parental rights. Following a hearing, at which respondent declined to testify, Family Court found that petitioner had established by clear and convincing evidence that respondent had permanently neglected her child. A dispositional hearing ensued, at the conclusion of which Family Court determined that it was in the child's best interest to terminate respondent's parental rights. This appeal by respondent followed.

Respondent, as so limited by her brief, contends that petitioner failed to establish that Torrin was a permanently neglected child and that termination of her parental rights was an abuse of discretion. We cannot agree. To be sure, the record indicates that respondent did exercise visitation with

her child and, by all accounts, established a good relationship with him. The "contact" and "planning" elements of Social Services Law 384-b (7) (a) are alternative, however, and the failure to perform one of the elements is sufficient to sustain a finding of permanent neglect (see, Matter of Shannon U., 210 AD2d 752, 754, lv denied 85 NY2d 807).

Here, one of the primary obstacles to Torrin's return to respondent was respondent's substance abuse. In this regard, the record indicates that respondent simply failed to follow through with the substance abuse counseling and treatment programs arranged by petitioner. Additionally, respondent tested positive for cocaine twice during the relevant time period. The record further reveals that respondent did not pursue the necessary mental health counseling. Thus, although respondent maintained contact with her child, she nevertheless failed to address the very problems that led to Torrin's removal in the first instance (see, Matter of Kelly G., 223 AD2d 878, 879, lv denied 88 NY2d 801) and, as such, we are satisfied that petitioner met its burden of establishing by clear and convincing evidence that Torrin was a permanently neglected child.

Similarly, we are persuaded that Family Court appropriately concluded that termination of respondent's parental rights was in Torrin's best interest. At the time of the dispositional hearing, Torrin had been in foster care for 21 months and respondent was serving an eight-month sentence at the Tompkins County Jail for criminal possession of a controlled substance in the seventh degree. Although respondent stated her intention to enter a residential treatment program following her release, given her prior history and the length of time involved in successfully completing such a program, we cannot say that Family Court erred in terminating respondent's parental rights (see, Matter of Semonae YY., 239 AD2d 716, 717).

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.