■ In the Matter of KELLY G., a Child Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TAMMY G., Appellant. [664 NYS2d 379] —Crew III, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered May 25, 1994, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Respondent is the biological mother of Kelly G. (born in 1992). Kelly was placed in foster care shortly after her birth and, in September 1993, petitioner commenced this proceeding alleging that Kelly was a permanently neglected child and seeking to terminate respondent's parental rights. Family Court granted the petition and this appeal by respondent ensued.

Although we agree with respondent that the decision rendered by Family Court following the fact-finding hearing falls far short of complying with the mandates of CPLR 4213 (b), which requires a trial court to state the facts it deems essential to its decision, the record is sufficiently developed to permit this Court to review the finding of permanent neglect (*see generally, Matter of Semonae YY.*, 239 AD2d 716, 717; *Matter of Guzzey v Titus*, 220 AD2d 976, *lv denied* 87 NY2d

807). In this regard, our review of the record satisfies us that petitioner fulfilled its statutory obligation to exercise diligent efforts to reunite respondent with her child (see, Social Services Law § 384-b [7] [a], [f]).

We also are persuaded that petitioner established by clear and convincing evidence that Kelly was a permanently neglected child. One of the primary obstacles to Kelly's return to respondent was respondent's substance abuse. Although petitioner arranged for counseling in this regard, respondent made minimal progress, as evidenced by her sporadic attendance at the counseling program and her two convictions for robbery and attempted robbery, respectively—crimes that, by her own admission, respondent committed in order to obtain more drugs. Thus, even accepting that respondent maintained contact with her child, she nevertheless failed to address one of the very problems that led to Kelly's removal in the first instance (see, Matter of Torrin G., 240 AD2d 820, 821) and, as such, the finding of permanent neglect will not be disturbed.

Remittal is required, however, based upon Family Court's unexplained failure to conduct a dispositional hearing in accordance with Family Court Act § 631. Although we have excused the failure to hold a formal dispositional hearing where the respondent waived his or her right thereto and consented to a disposition being rendered based upon the proof adduced at the fact-finding hearing (see, e.g., Matter of Jessica FF., 211 AD2d 948 lv denied, 85 NY2d 808), the record fails to indicate that respondent acquiesced to such a procedure here. Absent a dispositional hearing, it is impossible to ascertain whether termination of respondent's parental rights was in Kelly's best interest and this matter must be remitted to Family Court for that purpose. Respondent's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as terminated respondent's parental rights; matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.