█ In the Matter of JEFFREY LL., a Child Alleged to be Permanently Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CAROLANN LL., Appellant. [674 NYS2d 453] —Crew III, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered August 5, 1996, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Respondent is the biological mother of Jeffrey LL. (born in 1990). The child came into petitioner's care and custody shortly after his birth and has resided with the same foster family since February 1991. Respondent apparently consented to a finding of neglect in June 1991, and a service plan was developed requiring respondent to, *inter alia,* successfully complete parenting classes and establish a residence separate and apart from her boyfriend and her mother. During the next three years, petitioner provided various services to respondent—all aimed at developing respondent's parenting skills and encouraging respondent to stand on her own two feet. When petitioner's efforts proved unsuccessful, petitioner commenced this proceeding pursuant to Social Services Law § 384-b in October 1994 seeking to, *inter alia,* terminate respondent's parental rights.

The fact-finding hearing commenced in March 1995 and testimony was received from, among others, the child's foster mother and petitioner's caseworker, homemakers and parent aides. At the close of petitioner's proof, respondent moved to dismiss the petition contending that petitioner had failed to demonstrate that it exercised diligent efforts to reunite respondent with her child (*see,* Social Services Law § 384-b [7] [a]). Family Court reserved decision, respondent testified on her own behalf and the hearing ultimately concluded in May 1995.

Thereafter, by interim order entered May 23, 1995, Family Court found that petitioner had failed to plead in detail the diligent efforts that it had undertaken to reunite the family and

directed that the parties submit proposed findings of fact addressing this issue. Following receipt of these submissions, the matter proceeded to a dispositional hearing in April 1996, at the conclusion of which Family Court granted the petition, adjudicated Jeffrey to be a permanently neglected child and terminated respondent's parental rights. This appeal by respondent ensued.

We affirm. Initially, we reject respondent's contention that petitioner failed to plead and prove that it exercised diligent efforts to strengthen the parent-child relationship. Even accepting that the underlying permanent neglect petition could have been drawn with greater clarity, it nonetheless sufficiently details the specific services provided to respondent and, hence, complies with the mandates of Family Court Act § 614 (1) (c) (see, Matter of Dixie Lu EE., 142 AD2d 747, 748). Additionally, based upon our review of the record as a whole, including the voluminous documentary evidence submitted by petitioner at the hearing, we are satisfied that petitioner indeed undertook diligent efforts to reunite respondent with her son. Accordingly, respondent is not entitled to dismissal of the petition on this basis.

Equally unavailing is respondent's claim that petitioner failed to establish, by clear and convincing evidence, that Jeffrey is a permanently neglected child. Even accepting that respondent exercised visitation with her child on a regular basis, the "contact" and "planning" elements set forth in Social Services Law § 384-b (7) (a) are alternative, and the failure to perform one of the elements is sufficient to sustain a finding of permanent neglect (see, Matter of Torrin G., 240 AD2d 820, 821; Matter of Shannon U., 210 AD2d 752, 754, lv denied 85 NY2d 807). Here, it was incumbent upon respondent to exercise some initiative and plan for her child's future, which included removing any destructive tendencies from her own life (see, Matter of Joseph ZZ., 245 AD2d 881, 884). This she failed to do. Respondent repeatedly was advised of the need to establish a residence separate and apart from her boyfriend, routinely encouraged to become more assertive and self-sufficient, and was offered the resources and support to accomplish these objectives. Despite petitioner's efforts, respondent simply failed to follow through and at no time articulated a plan for her child's future. Respondent's remaining contentions, including any suggestion that termination of her parental rights was not in her child's best interest, have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.