◼ In the Matter of PHILIP JAYE J., JR., and Others, Infants. MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRENDA J., Appellant. [684 NYS2d 94] —Order unanimously affirmed without costs. Memorandum: We affirm the order terminating respondent's parental rights for reasons stated in the decision at Monroe County Family Court (Miller, J.). We note that respondent failed to meet her burden of proving the applicability of the Indian Child Welfare Act of 1978 (25 USC § 1901 *et seq.*) or Social Services Law § 39 (6) because she failed to prove that her children were "Indian child[ren]" (25 USC § 1903 [4]; Social Services Law § 2 [36]). The only evidence that respondent herself was a Cherokee Indian was testimony by an agent of the Monroe County Department of Social Services. That witness testified that respondent lied to him in 1995 when she told him that her mother had died on the Cherokee Reservation in North Carolina. In fact, respondent's mother did not die until June 1996, and the place of death was not proven. Unsworn statements by respondent to the effect that respondent is a Native American, found on exhibits submitted by petitioner, do not prove that the children are members of or eligible for membership in an Indian tribe and the biological children of a member of an Indian tribe (*see,* 25 USC § 1903 [4]; Social Services Law § 2 [36]).

Further, respondent's counsel did not move to transfer the case to a tribal court until after the close of proof at the fact-finding hearing on the permanent neglect petition, eight months after the filing of the petition. In the alternative he requested an adjournment to allow respondent to research her Native American heritage. Under the circumstances, the denial

of an adjournment was not an abuse of discretion (*see, Matter of Alario v DeMarco*, 149 AD2d 587, 589, *appeal dismissed* 74 NY2d 791; *see generally, People v Spears*, 64 NY2d 698, 699-700). In addition, there was good cause to deny the motion to transfer (*see*, 25 USC § 1911 [b]; Social Services Law § 39 [6]; *Matter of Maricopa County Juvenile Action No. JS-8287*, 171 Ariz 104, 107, 828 P2d 1245, 1248).

Because there was no proof that the children were Indian children within the meaning of Social Services Law § 2 (36) and 25 USC § 1903 (4), the court properly applied the clear and convincing evidence standard of proof in Family Court Act § 622 and not the beyond a reasonable doubt standard of proof in 25 USC § 1912 (f). The court properly determined that it was in the best interests of the children to terminate respondent's parental rights and free the children for adoption rather than to suspend judgment for one year (*see*, Family Ct Act § 631; *Matter of Michael B.*, 80 NY2d 299, 310-311; *Matter of Sonny H. B.*, 249 AD2d 940). (Appeal from Order of Monroe County Family Court, Miller, J.—Terminate Parental Rights.) Present—Denman, P. J., Hayes, Pigott, Jr., Callahan and Fallon, JJ.