██ In the Matter of MARK M., JR., a Child Alleged to be Permanently Neglected. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARK M., Appellant. (Appeal No. 1.) [701 NYS2d 220] —Order unanimously affirmed without costs. Memorandum: Respondent father appeals from six orders of Family Court that adjudicated his children to be permanently neglected and terminated his parental rights after a dispositional hearing. The six children have been in the custody of petitioner, Erie County Department of Social Services (DSS), since 1990, with the exception of a brief return to the home in

1991. Since that time, the mother has voluntarily surrendered her parental rights and respondent has been incarcerated. When respondent was first incarcerated, DSS failed to make diligent efforts to encourage and strengthen the relationship between respondent and the children. Because of that failure, DSS withdrew a prior petition to terminate his parental rights. A new caseworker was assigned, and numerous efforts to arrange a plan for the children were made. After those attempts proved unsuccessful, DSS filed the instant petition. We reject the contention of respondent that DSS failed to demonstrate diligent efforts. DSS established that the second caseworker made diligent efforts, i.e., "reasonable attempts * * * to assist, develop and encourage a meaningful relationship between the parent and child" (Social Services Law § 384-b [7] [f]; *see also, Matter of Jamie M.*, 63 NY2d 388, 393-394; *Matter of Sheila G.*, 61 NY2d 368, 385-386).

The court's determination of permanent neglect is supported by clear and convincing evidence (*see, Matter of Darsharie C.*, 237 AD2d 922, *lv denied* 92 NY2d 814; *see also, Matter of Michael David W.*, 101 AD2d 695, *lv dismissed* 62 NY2d 604). Respondent failed " 'to formulate, and act to accomplish, a feasible and realistic plan' " for his children (*Matter of Orlando F.*, 40 NY2d 103, 110, quoting *Matter of Stephen B.*, 60 Misc 2d 662, 668, *affd sub nom. Matter of Behrman*, 34 AD2d 527). Although respondent sought to better himself and maintain contact with his children, he was unable to follow through to arrange a permanent solution for the care of his children. The court's determination to terminate respondent's rights is in the best interests of the children (*see, Matter of Michael B.*, 80 NY2d 299, 314-315; *see also, Matter of Star Leslie W.*, 63 NY2d 136, 147-148). The children had no relationship with respondent, had bonded with their foster parent, and were in need of a stable, permanent solution. We reject respondent's contention that a suspended judgment would have been an appropriate disposition. It would have kept the children in a state of limbo for an unknown length of time in light of the fact that respondent is serving a term of incarceration of seven years to life and was reincarcerated after being released from prison on a work release program. "The child's emotional well-being must be part of the equation, parental rights notwithstanding" (*Matter of Michael B., supra*, at 315). The court did not abuse its discretion in determining that the best interests of the children would be served by freeing them for adoption.

We also reject the contention of respondent that the court committed reversible error when it denied his request for an

adjournment to enable his attorney to review documentation. The court did not abuse its discretion in refusing to grant an adjournment (*see, Matter of Philip Jaye J.,* 256 AD2d 1201). Respondent had ample opportunity to provide his attorney with those documents before the hearing or during the two-month adjournment before the hearing was concluded. Respondent's additional contention that the court erred in taking judicial notice of facts based on personal knowledge is not preserved for our review (*see, Matter of Star Leslie W., supra,* at 145; *see also, Matter of Juanita Katerina M.,* 205 AD2d 474). (Appeal from Order of Erie County Family Court, Mix, J.— Terminate Parental Rights.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Balio, JJ.