In the Matter of ALEXIS E., a Child Alleged to be Permanently Neglected. ERIE COUNTY DEPARTMENT OF SOCIAL

SERVICES, Respondent; KATHERINE E., Appellant. (Appeal No. 1.) [706 NYS2d 814] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Appellant appeals from an order granting the petition of Erie County Department of Social Services (DSS) to terminate her parental rights on the ground of permanent neglect and to free her daughter for adoption pursuant to Social Services Law § 384-b (appeal No. 1) and from an order dismissing her petition seeking termination of her daughter's placement with DSS (appeal No. 2). We conclude that Family Court's determination of permanent neglect is supported by clear and convincing evidence (see, Family Ct Act § 622). The daughter has been in foster care since December 1995, and until approximately September 1997 appellant failed to address the conditions that resulted in her daughter's removal from her custody and to plan for her daughter's future notwithstanding the diligent efforts of DSS to strengthen and nurture the parent-child relationship.

Some time around September 1997, however, respondent began receiving public assistance, thereby securing a steady source of income, and moved into a two-bedroom apartment deemed adequate by DSS. With a homemaker providing regular transportation, appellant exercised consistent visitation with her daughter. At the fact-finding hearing, appellant's caseworker testified that appellant is "presently complying with the visitation program." In April 1998 appellant finally submitted to a psychiatric evaluation. It was determined that she does not suffer from mental illness and that she does not require treatment. After that evaluation, appellant entered into counseling to assist her in coping with the stress resulting from the removal of her child.

Nevertheless, there is no indication in the record that the court considered appellant's recent conduct when it made its dispositional order. "Family Court was obliged to consider that changed conduct at the dispositional stage" (Matter of Mychael S., 203 AD2d 890, 891). A year has passed since the court entered its order, and it is unclear whether the significant progress made by appellant has continued. Under the circumstances, we modify the order in appeal No. 1 by vacating the second and third ordering paragraphs, and we remit the matter to Erie County Family Court for a dispositional hearing to determine whether the best interests of the child require that her guardianship and custody be committed to DSS. (Appeal from Order of Erie County Family Court, Dillon, J.—Terminate

Parental Rights.) Present—Hayes, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.