■■■ In the Matter of HANNAH D., an Infant. GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LISA D., Appellant. (Appeal No. 1.) [740 NYS2d 537] —Appeal from an order of Family Court, Genesee County (Griffith, J.), entered December 20, 2000, which, inter alia, terminated respondent's parental rights.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the second through sixth ordering paragraphs and as modified the order is affirmed without costs and the matter is remitted to Family Court, Genesee County, for further proceedings in accordance with the following Memorandum: We reject the contention of respondent that the proceeding to terminate her parental rights on the ground of permanent neglect could not be maintained where, as here, the children had been placed directly with relatives (*see, Matter of Patricia HH. v Laura II.,* 200 AD2d 115, 117-118; *see also, Matter of Dale P.,* 84 NY2d 72, 77; *Matter of Anthony Julius A.,* 231 AD2d 462). Family Court's determination that the children were permanently neglected is supported by clear and convincing evidence (*see, Matter of Mark M.,* 267 AD2d 1045, 1046). The record establishes that petitioner exercised diligent efforts to strengthen the parental relationship (*see, Matter of Star Leslie W.,* 63 NY2d 136, 142) and that, despite those efforts, respondent failed to maintain contact with the children or plan for their future (*see, Matter of Arron Brandend C.,* 267 AD2d 107, 107-108). Contrary to the contention of respondent, moreover, we conclude that she had sufficient notice of her obligations to maintain contact and plan for her children's future to satisfy due process requirements (*see, Matter of Roxann Joyce M.,* 75 AD2d 872).

We conclude, however, that the record of the dispositional hearing fails to establish that termination of respondent's parental rights is appropriate (*see, Matter of Princess C.,* 279 AD2d 825, 828). "[T]ermination of parental rights is not warranted, and certainly not mandated, if such is not in the child[ren]'s best interests, even though the statutory requirements for termination have been established" (*Matter of Christopher T.,* 101 AD2d 997, 997; *see, Matter of Princess C., supra* at 828). More than a year has passed since entry of the dispositional orders, and it is unclear whether the apparent

progress of respondent in addressing her problems and establishing a stable residence for herself and her other children has continued. We therefore modify the order in each appeal by vacating the second through sixth ordering paragraphs, and we remit the matter to Family Court, Genesee County, for a dispositional hearing to determine, in light of the present circumstances of respondent and the children, whether the best interests of the children require termination of respondent's parental rights (*see, Matter of Alexis E.,* 272 AD2d 935, 936; *Matter of Society for Seamen's Children v Jennifer J.,* 208 AD2d 849, 850). Present—Green, J.P., Scudder, Kehoe, Burns and Gorski, JJ.