■ In the Matter of ALEXIS X. and Another, Children Alleged to be Permanently Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; TINA X., Respondent. [798 NYS2d 148]—

Peters, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered November 17, 2003, which dismissed petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate two of respondent's children to be permanently neglected.

Respondent has an extensive history with Family Court pertaining to her ability to care for her children. In October 2001, she was found to have neglected one of her sons, Cody (born in 1996)[1] and her daughter, Alexis (born 1997). She was placed under the supervision of petitioner for a period of 12 months and, prior to the expiration of that order, both Alexis and respondent's infant son, Skylar (born in 2001), were removed from her care pursuant to Family Ct Act § 1024. Another Family Ct Act article 10 petition was filed, this time claiming, among other things, that respondent failed to provide adequate food, clothing and shelter for the children and had subjected them to instances of domestic violence instigated by Bradley Hathaway, her paramour. By order issued April 2002, Family Court found Alexis and Skylar to be abused and neglected. They were placed in petitioner's custody for a period of 12 months and an order of protection was issued against Hathaway. After an extension of the children's placement, this proceeding was commenced to terminate respondent's parental rights to both Alexis and Skylar.

Petitioner averred that despite making diligent efforts to encourage and strengthen respondent's relationship with her children, termination was necessary because respondent continuously failed to adhere to her service plan. Petitioner alleged that respondent was unwilling to terminate her relationship with Hathaway, was unable to maintain a safe, stable and independent residence, and had failed to demonstrate that she could consistently provide adequate care for her children. After a hearing, Family Court found petitioner's proffer insufficient

---

1. Cody is not a subject of this proceeding. He resides with his paternal grandparents who share custody with respondent.

to meet the statutory standard for permanent neglect. Petitioner appeals.

Despite Family Court's clear recitation of the two central issues presented—whether petitioner made diligent efforts to encourage and strengthen the parental relationship and whether respondent failed to plan for the future of her children—it determined that because it dismissed the petition, it did not need to reach the issue of diligent efforts. We disagree. Although these issues "may appear to be discrete and independent" (*Matter of Sheila G.*, 61 NY2d 368, 380 [1984]), the Court of Appeals has clearly articulated that, in a proceeding of this kind, "the court must evaluate *as a threshold matter* whether the agency has exercised diligent efforts to encourage and strengthen the parental relationship" (*id.* at 381 [emphasis added]; *see Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Princess C.*, 279 AD2d 825, 825 [2001], *lv denied* 97 NY2d 606 [2001]). Only after diligent efforts have been established can the focus turn to a determination of whether there is clear and convincing evidence that a parent has failed to plan for the future of his or her children (*see* Social Services Law § 384-b [7] [a]; *Matter of Star Leslie W., supra* at 142; *Matter of Princess C., supra* at 826). Because the record here is replete with testimony concerning the efforts made by petitioner in formulating a service plan and the assistance it provided to aid respondent in carrying out that plan, we will, in the exercise of our factual review power, make the necessary finding that petitioner exercised diligent efforts to fulfill its statutory obligations (*see* Social Services Law § 384-b [7] [a], [c], [f]; *Matter of Kelly G.*, 244 AD2d 709, 710 [1997]; *see generally Matter of Fotopoulos v Berman*, 298 AD2d 698, 700 [2002], *lv denied* 98 NY2d 616 [2002]).

Next considering whether there was clear and convincing evidence supporting Family Court's determination, we begin by reviewing the conditions which led to the children's removal and the steps taken by respondent to correct that condition (*see Matter of Nathaniel T.*, 67 NY2d 838, 841 [1986]). Recognizing that "Family Court had the best vantage point, and its findings must be accorded the greatest respect" (*id.* at 842), Family Court fully acknowledged that, during much of the relevant time, respondent lied about numerous issues, including her relationship with Hathaway; her initial plan for reunification with her children included the termination of the order of

protection against Hathaway.[2] Nonetheless, Family Court concluded that respondent's trial testimony was credible in her representation that prior to the filing of this petition, she separated from Hathaway with a "sincere intention of permanently terminating her relationship with [him]." As there is no record evidence that respondent has since allowed any interaction between Hathaway and her children, we accord deference to Family Court's factual finding, especially where, as here, respondent and her children have a lengthy Family Court history.

Next reviewing respondent's housing, the evidence established that since October 2002, she made continued efforts to retain stable employment and to secure appropriate housing. As of January 2003, she had achieved the goal of maintaining a suitable environment to host home visits with the children; testimony by her landlord established that her past problems had been remedied. Acknowledging that various inadequacies remained, Family Court properly concluded that they were "insufficient to support a conclusion that [respondent] failed to take the necessary steps to provide an adequate and safe home for the children."

As to the contention that respondent failed to provide adequate care for her children, her caseworker's testimony established that from June 2002 through May 2003, she made considerable progress. Respondent regularly visited and telephoned her children and, in January 2003, petitioner acknowledged that she achieved the goal of demonstrating positive parenting techniques. Testimony further established that she actively participated in mental health therapy, completed anger management classes and was attending a young mother's group. Hence, even though there were instances where she failed to provide optimum supervision, Family Court properly determined that those instances were insufficient to support a finding of permanent neglect (compare Matter of Jeremiah BB., 11 AD3d 763, 764-765 [2004]; Matter of Karina U., 299 AD2d 772, 772-773 [2002], lv denied 100 NY2d 501 [2003]).

Finally, addressing the assertion that Family Court erred in failing to hold a dispositional hearing, we do not agree that such hearing was required (see Family Ct Act § 632; Matter of Loretta OO., 114 AD2d 648, 650 [1985]).[3]

Crew III, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** Notably, it was not until January 2003 that petitioner made it a "goal" that respondent end her relationship with Hathaway.

**3.** To the extent that Matter of Amber W. (105 AD2d 888 [1984]) is inconsistent, we decline to follow it.