In the Matter of CLARENCE S., an Infant. NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANIEL S., Appellant. [813 NYS2d 604]—

Appeal from an order of the Family Court, Niagara County (John F. Batt, J.), entered June 20, 2005 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated respondent's parental rights.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly terminated respondent's parental rights on the ground of mental retardation. Following the issuance of this Court's decision determining that respondent's parental rights were properly terminated with respect to another child on the ground of mental retardation (*Matter of Daniel C.S.*, 4 AD3d 854 [2004], *lv denied* 2 NY3d 704, 706 [2004]), petitioner moved for summary judgment in this proceeding. The court denied the motion without prejudice, agreeing with respondent that he should be allowed to cross-examine the court-appointed expert because the expert had issued a new evaluation concerning respondent. Contrary to

respondent's contention, the court did not err in considering petitioner's renewed motion for summary judgment at the conclusion of the expert's testimony. Also contrary to respondent's contention, the court did not err in determining that the only evidence that respondent was allowed to present was evidence from expert witnesses who would contradict the testimony of the court-appointed expert (*see Matter of Christine Marie R.* [appeal No. 1], 302 AD2d 992 [2003], *lv denied* 100 NY2d 503 [2003]). Finally, we reject the further contention of respondent that the court abused its discretion in denying his request for an adjournment at the next court appearance to enable respondent to call his expert to testify (*see Matter of Alexis X.*, 23 AD3d 945, 947 n 3 [2005]; *Matter of Mark M.*, 267 AD2d 1045, 1046-1047 [1999]). By that time, the child had been in foster care for 2½ years, petitioner's motion for summary judgment had been made almost a year earlier, at which time the only opposition of respondent to the motion was that he should be allowed to cross-examine the court-appointed expert, and respondent was unable to give any indication that the testimony of his expert would be favorable to him. Present—Kehoe, J.P., Gorski, Martoche, Green and Hayes, JJ.