■ In the Matter of Shaquill Dywon M., Also Known as Shaquill M. Lakeside Family and Children's Services, Inc., Respondent; Shaquana Nicole M., Also Known as Shaquana M., Appellant. (Proceeding No. 1.) In the Matter of Shanyia M. Lakeside Family and Children's Services, Inc., Respondent; Shaquana Nicole M., Also Known as Shaquana M., Appellant. (Proceeding No. 2.) [856 NYS2d 670]—

Motion by the respondent, on appeals from two orders of fact-finding and disposition of the Family Court, Kings County (one as to each child), both dated June 9, 2006, inter alia, to amend a decision and order of this Court dated October 30, 2007 (*see Matter of Shaquill Dywon M.*, 44 AD3d 1047 [2007]).

Upon the papers filed in support of the motion, it is

Ordered that the branch of the motion which is to amend the decision and order is granted, and the motion is otherwise denied; and it is further,

Ordered that the decision and order of this Court dated October 30, 2007, in the above-entitled matter is recalled and vacated, and the following decision and order is substituted therefor:

In two related proceedings pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of permanent neglect, the mother appeals from two orders of fact-finding and disposition of the Family Court, Kings County (Lim, J.) (one as to each child), both dated June 9, 2006, which, after fact-finding and dispositional hearings, found that she had permanently neglected the subject children, terminated her parental rights, and transferred custody and guardianship of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are modified, on the facts and in the exercise of discretion, by deleting the provisions thereof terminating the mother's parental rights and transferring custody and guardianship of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption; as so modified, the orders of fact-finding and disposition are affirmed, without costs or disbursements, the findings of permanent neglect remain in effect, and the proceedings are remitted to the Family Court, Kings County, for a new dispositional hearing and new dispositions thereafter in accordance herewith.

"In section 384-b, the Legislature has placed primacy on the child remaining with the natural parent, because it found both that the child's needs are usually best met in the natural home and that parents are generally entitled to bring up their own

children. The State's first obligation is to help the family stay together (Social Services Law § 384-b [1] [a] [ii], [iii])" (*Matter of Joyce T.*, 65 NY2d 39, 47 [1985]). In a proceeding to terminate parental rights based upon permanent neglect, the threshold consideration is whether the presentment agency discharged its statutory obligation to exercise diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7]; *Matter of Jamie M.*, 63 NY2d 388, 390 [1984]; *Matter of Darlene L.*, 38 AD3d 552, 554-555 [2007]).

In the case at bar, the Family Court concluded that the termination of parental rights was warranted because, although the presentment agency made diligent efforts to assist and encourage a meaningful relationship between the mother and her children, the mother failed to avail herself of such efforts or plan for the children's future (*see* Social Services Law § 384-b [7] [c]; *Matter of Ailayah Shawneque L.*, 40 AD3d 1097 [2007], *lv denied* 9 NY3d 806 [2007]; *Matter of Jennifer R.*, 29 AD3d 1005 [2006]). However, the testimony adduced at the fact-finding hearing reveals that the mother did make significant strides toward strengthening her parent-child relationships during the subject time period (*see Matter of Moniea C.*, 9 AD3d 888 [2004]; *Matter of Zachary CC.*, 301 AD2d 714 [2003]).

For example, although there is concern that the mother was chronically late in arriving for visitation, and that she missed some of her scheduled visits, nevertheless, the caseworker considered the mother to be in compliance with the agency-formulated service plan for much of the designated period of neglect. Indeed, in September 2004 the caseworker congratulated the mother on her completion of the service plan, which included visitation with the children, having an income, and obtaining public assistance, as well as on her successful completion of a 22-week parenting skills program, and for being generally cooperative with the caseworker. In addition, the mother provided proof of suitable housing for her and the children—a two-bedroom apartment in a building owned by her father.

Given these circumstances, we conclude that the termination of the mother's parental rights was unwarranted (*see Matter of Hannah D.*, 292 AD2d 867 [2002]; *Matter of Princess C.*, 279 AD2d 825 [2001]). Instead, the Family Court should have suspended judgment for one year, at which point it would have been in a better position to evaluate the mother's progress and to determine whether the children's best interests would be endangered by their return to the custody of the natural mother (*see* Social Services Law § 384-b [1] [a] [ii]; *Matter of Society for Seamen's Children v Jennifer J.*, 208 AD2d 849 [1994]).

Since more than one year has elapsed since the dispositional hearing was held, the entry of a suspended judgment at this time would be imprudent (*see* Family Ct Act § 633). Accordingly, we remit the matter to the Family Court, Kings County, for a new dispositional hearing. Following such hearing, the court shall determine, among other things, whether the mother met the appropriate conditions outlined in 22 NYCRR 205.50, prior to the issuance of the two orders dated June 9, 2006, and more specifically, whether she had been able to build upon her apparent successful beginning in forging a healthy relationship with her children up to that time, or whether, in light of her present circumstances and those of the children, the best interests of the children would require a termination of parental rights (*see* *Matter of Hannah D.*, 292 AD2d 867 [2002]; *Matter of Alexis E.*, 272 AD2d 935 [2000]). Ritter, J.P., Santucci, Miller and Dillon, JJ., concur.