■ In the Matter of CHRISTOPHER C. FORESTDALE, INC., et al., Respondents; CONCETTA L., Appellant. [872 NYS2d 462]—

In a proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Queens County (Richroath, J.), dated October 23, 2007, as, upon a decision dated September 24, 2007, made after fact-finding and dispositional hearings, found that she permanently neglected the subject child, terminated her parental rights, and transferred custody and guardianship of the child jointly to the Commissioner of the New York City Administration for Children's Services and the petitioner Forestdale, Inc., for the purpose of adoption.

Ordered that the order of fact-finding and disposition is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof terminating the mother's parental rights and transferring custody and guardianship of the child to the Commissioner of the New York City Administration for Children's Services and the petitioner Forestdale, Inc., for the purpose of adoption; as so modified, the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements, the finding of permanent neglect remains in effect, and the matter is remitted to the Family Court, Queens County, for a new dispositional hearing and new disposition thereafter with respect to the appellant in accordance herewith.

The Family Court properly concluded that a finding of permanent neglect against the mother was warranted because, although the presentment agency made diligent efforts to assist and encourage a meaningful relationship between her and the subject child, the mother failed to avail herself of such efforts or plan for the child's future for a period of more than one year, from approximately June 2001 through September 2002 (see Social Services Law § 384-b [7] [c]; Matter of Deajah Shabri T., 44 AD3d 1060, 1061 [2007]; Matter of Ailayah Shawneque L., 40 AD3d 1097, 1098 [2007]; Matter of Jennifer R., 29 AD3d 1005 [2006]). As such, the finding of permanent neglect is supported by clear and convincing evidence (see Social Services Law § 384-b [7] [a]; Matter of Pedro C., 55 AD3d 475 [2008]).

Nevertheless, the testimony adduced at the dispositional hearing reveals that, although the mother did not avail herself of agency services for more than one year, she began to comply with all agency requirements in October 2002 and continued to make significant strides in improving her relationship with her son through July 17, 2007, the date of the dispositional hearing.

In fact, the agency caseworker testified that the mother had done everything the agency had asked her to do in order to regain custody of her son. Under these circumstances, we conclude that the Family Court's disposition terminating the mother's parental rights was unwarranted (*see Matter of Shaquill Dywon M.*, 50 AD3d 1142, 1144 [2008]; *Matter of Hannah D.*, 292 AD2d 867 [2002]; *Matter of Princess C.*, 279 AD2d 825, 828 [2001]).

Instead, the Family Court should have suspended judgment for one year, at which point it would have been in a better position to evaluate the mother's progress and to determine whether the child's best interests would be better served by his return to the custody of the mother (*see* Social Services Law § 384-b [1] [a] [ii]; Family Ct Act § 631 [b]; *Matter of Society for Seamen's Children v Jennifer J.*, 208 AD2d 849 [1994]). However, since more than one year has elapsed since the dispositional hearing was held, the entry of a suspended judgment at this time would not be prudent (*see* Family Ct Act § 633; *Matter of Shaquill Dywon M.*, 50 AD3d at 1144).

Accordingly, we remit the matter to the Family Court, Queens County, for a new dispositional hearing, after which the court shall determine whether the mother has been able to find suitable housing (*see Matter of Jamie M.*, 63 NY2d 388, 394 [1984]; *Matter of Joshua R.*, 2 AD3d 528, 529 [2003]) and has made sufficient strides in strengthening her relationship with her son, or whether, in light of her present circumstances and those of the child—whose desires should be explored—the best interests of the child would require a termination of parental rights (*see Matter of Hannah D.*, 292 AD2d 867 [2002]; *Matter of Alexis E.*, 272 AD2d 935, 936 [2000]). Florio, J.P., Covello, Balkin and Leventhal, JJ., concur.