■ In the Matter of CHRISTOPHER LEE B., Also Known as CHRISTOPHER B., an Infant. LITTLE FLOWER CHILDREN AND FAMILY SERVICES, Respondent; DENISE S., Appellant. [882 NYS2d 913]—

In a proceeding pursuant to Social Services Law § 384-b and Family Court Act article 6 to terminate the parental rights of the mother and the father on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (Salinitro, J.), dated June 27, 2008, as, after fact-finding and dispositional hearings, determined that she permanently neglected the subject child, terminated her parental rights, and transferred the custody and guardianship of the child to the Commissioner of Social Services of the City of New York and to Little Flower Children and Family Services for the purpose of adoption.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof terminating the mother's parental rights and transferring custody and guardianship of the child to the Commissioner of Social Services of the City of New York and to Little Flower Children and Family Services for the purpose of adoption; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for a new dispositional hearing and a new disposition thereafter with respect to the appellant, in accordance herewith.

The Family Court properly concluded that the petitioner established, by clear and convincing evidence (see Social Services Law § 384-b [7] [a]), that during the relevant statutory period, the mother failed to enroll in court-ordered psychotherapy, and thus failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b [7] [a]; Matter of Justina Rose D., 28 AD3d 659, 660 [2006]). Accordingly, the Family Court properly adjudged that the mother permanently neglected the child (see Matter of Christopher C., 58 AD3d 622, 623 [2009]).

On the dispositional issue, however, the record indicates that the mother made sufficient progress toward strengthening her relationship with the child, such that the Family Court's disposition terminating her parental rights was unwarranted (*see Matter of Christopher C.*, 58 AD3d 622, 623 [2009]; *Matter of Shaquill Dywon M.*, 50 AD3d 1142, 1144 [2008]). Under the circumstances, instead of terminating her parental rights, the Family Court should have suspended judgment for one year, at which point it would have been in a better position to evaluate the mother's progress and to determine whether the child's best interests would be endangered by his return to the custody of the appellant (*see* Social Services Law § 384-b [1] [a] [ii]; Family Ct Act § 631 [b]; *Matter of Christopher C.*, 58 AD3d 622, 624 [2009]; *Matter of Shaquill Dywon M.*, 50 AD3d 1142, 1144 [2008]; *Matter of Society for Seamen's Children v Jennifer J.*, 208 AD2d 849, 850 [1994]). Since more than one year has passed since the dispositional hearing was held, the entry of a suspended judgment at this time would be imprudent (*see* Family Ct Act § 633). Accordingly, we remit the matter to the Family Court, Queens County, for a new dispositional hearing and a new disposition thereafter with respect to the mother (*see Matter of Shaquill Dywon M.*, 50 AD3d 1142, 1144 [2008]; *Matter of Society for Seamen's Children v Jennifer J.*, 208 AD2d 849, 850 [1994]). Prudenti, P.J., Fisher, Miller and Lott, JJ., concur.