■ In the Matter of JAVON J. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANTOINE J., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of ANTOINE J. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES,Respondent; ANTOINE J., Appellant, et al., Respondent. (Proceeding No. 2.) [7 NYS3d 494]—

Appeal from an order of fact-finding and disposition of the Family Court, Orange County (Lori Currier Woods, J.), entered March 5, 2014. The order, after fact-finding and dispositional hearings, found that the father permanently neglected the

subject children, terminated his parental rights, and transferred the guardianship and custody of the subject children to the Orange County Department of Social Services for the purpose of adoption. The appeal from the order of fact-finding and disposition brings up for review an order of the same court entered December 5, 2013, which denied the father's motion for recusal.

Ordered that the order of fact-finding and disposition is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof terminating the father's parental rights and transferring custody and guardianship of the subject children to the Orange County Department of Social Services for the purpose of adoption; as so modified, the order of fact-finding and disposition is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a new dispositional hearing and a new disposition thereafter.

Initially, contrary to the father's contention, there is no basis to disturb the Family Court's denial of his motion for recusal (see Daulat v Helms Bros., Inc., 57 AD3d 938 [2008]).

The Family Court properly found that the father permanently neglected the subject children (see Social Services Law § 384-b [7] [a]). The petitioner established, by clear and convincing evidence, that both prior to and during the father's incarceration, it made diligent efforts to assist the father in maintaining contact with the children and planning for their future (see Matter of Star Leslie W., 63 NY2d 136, 142-143 [1984]; Matter of Sheila G., 61 NY2d 368, 380-381 [1984]). These pre-incarceration efforts included scheduling and facilitating visitation and developing a service plan (see Social Services Law § 384-b [7] [f]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429 [2012]; Matter of Star Leslie W., 63 NY2d at 142). The petitioner's efforts during the father's incarceration included informing him of the children's well-being and progress, encouraging him to maintain contact with the children, and requesting that he suggest any relatives as potential placement resources for the children (see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d at 430; Matter of Angel R.F. [Nicholas F.], 114 AD3d 781 [2014]; Matter of Joannis P. [Joseph Q.], 110 AD3d 1188, 1190 [2013]; Matter of Zechariah J. [Valrick J.], 84 AD3d 1087, 1088 [2011]; Matter of Imani M., 61 AD3d 870 [2009]). Despite these efforts, the father failed to plan for the children's future by failing to complete the necessary programs (see Social Services Law § 384-b [7] [c]; Matter of Davina R.M.R.L. [Jennifer A.], 123 AD3d 1126, 1127 [2014]; Matter of Beyonce H.

*[Baranaca H.]*, 85 AD3d 1168 [2011]). Accordingly, the Family Court properly determined that the father permanently neglected the subject children.

However, under the particular circumstances of this case, the Family Court improvidently exercised its discretion in terminating the father's parental rights. The record indicates that the father made sufficient progress toward strengthening his relationship with the subject children (*see Matter of Christopher Lee B.*, 65 AD3d 549, 550 [2009]). Furthermore, the older child is residing at a residential treatment center for children with emotional and behavioral issues, and there is no indication that he has any prospects for foster placement or adoption. Although the younger child resides with a foster family, the foster parents have indicated that they do not wish to adopt him out of concern that they could not handle him. Thus, on this record, there is no indication that termination of the father's parental rights would increase the subject children's opportunities for adoptive placement (*see Matter of Phoenix D.A. [Jessie A.]*, 123 AD3d 823, 824 [2014]).

Under these circumstances, the Family Court's termination of the father's parental rights was not in the best interests of the children and, instead, the court should have suspended judgment for one year (*see Matter of Christopher Lee B.*, 65 AD3d at 550). Since more than one year has passed since the dispositional hearing was held, the entry of a suspended judgment at this time would be imprudent (*see* Family Ct Act § 633; *Matter of Christopher Lee B.*, 65 AD3d at 550). Accordingly, we remit the matter to the Family Court, Orange County, for a new dispositional hearing, and a new disposition thereafter (*see Matter of Christopher Lee B.*, 65 AD3d at 550; *Matter of Shaquill Dywon M.*, 50 AD3d 1142, 1145 [2008]). At the new dispositional hearing, the Family Court shall consider, in light of the present circumstances of the father and the subject children, whether the entry of a suspended judgment would be in the best interests of the children (*see Matter of Timmia S. [Timmie S.]*, 111 AD3d 838, 841 [2013]).

The father's remaining contention is without merit. Eng, P.J., Leventhal, Hall and Roman, JJ., concur.