In the Matter of ALICJA M.S.L., Appellant. JEWISH CHILD CARE ASSOCIATION, Respondent; MARIA JOLANTA S. et al., Respondents. [23 NYS3d 316]—

Appeal from an order of fact-finding and disposition of the Family Court, Queens County (Barbara Salinitro, J.), dated September 16, 2014. The order, insofar as appealed from, after fact-finding and dispositional hearings, terminated the parental rights of the respondent parents and transferred the guardianship and custody of the child jointly to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for a new dispositional hearing and a new disposition thereafter.

The petitioner commenced this proceeding to terminate the parental rights of the parents of the child Alicja M.S.L. After fact-finding and dispositional hearings, the Family Court found that the parents had permanently neglected the child, terminated the parental rights of the parents, and committed the guardianship and custody of the child jointly to the petitioner and the Commissioner of Social Services for the purposes of adoption. The child appeals.

At the conclusion of a dispositional hearing on a petition for the commitment of the guardianship and custody of a child upon an adjudication of permanent neglect, the court must enter an order dismissing the petition, suspending judgment, or committing the guardianship and custody of the child (Family Ct Act § 631). The order of disposition must be made solely on the basis of the best interests of the child (*id.*). There is no presumption that such interests will be promoted by any particular disposition (*id.*).

Here, despite the fact that the parents defaulted at the dispositional hearing and had failed to complete the agency's service plan, they did make efforts towards reunification and visited with the child consistently. The child, who was almost

11 years old at the time of the hearing, was strongly opposed to adoption and wanted to maintain her relationship with her parents. As there was no viable person or persons to adopt the child, under the circumstances presented, the Family Court erred in finding that termination of parental rights was in the child's best interest (*see Matter of Javon J. [Antoine J.]*, 127 AD3d 1088 [2015]; *Matter of Phoenix D.A. [Jessie A.]*, 123 AD3d 823 [2014]; *Matter of Amber AA.*, 301 AD2d 694 [2003]). As over a year has passed since the dispositional hearing, the matter should be remitted to the Family Court for a new dispositional hearing and a new disposition thereafter. Rivera, J.P., Dillon, Roman and Duffy, JJ., concur.