■ In the Matter of KIP D., Alleged to be a Permanently

Neglected Child. CHENANGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BETTY D., Appellant.—Weiss, J. Appeal from an order of the Family Court of Chenango County (Thomas, J.), entered August 27, 1985, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Kip D. a permanently neglected child and terminated respondent's parental rights.

This is an appeal from an order permanently terminating the parental rights of respondent to the guardianship and custody of her son on the basis of permanent neglect (Social Services Law § 384-b [4] [d]; [7] [a]). The relevant facts are as follows. On August 25, 1981, when respondent was 16 years of age, unmarried and a high school dropout, she gave birth to Kip. Petitioner's caseworkers had already made efforts before and after the birth to convince respondent to voluntarily surrender the child for adoption. Some time after respondent's refusal to surrender her child, petitioner initiated a child neglect investigation which culminated in an April 11, 1983 voluntary agreement for temporary foster care of the child. The child has remained with his foster parents since that time. One month later, petitioner commenced a proceeding seeking an adjudication that Kip was a neglected child (see, Family Ct Act § 1012 [f]) and the approval of foster care, contending that respondent was unable to provide for the child's needs, had no income and no place of residence. While respondent did not attend the ensuing hearing, Family Court approved the temporary placement upon the consent of respondent's court-appointed attorney and adjourned the neglect petition for six months in contemplation of dismissal, upon terms and conditions requiring respondent to visit Kip weekly at the foster home, have a place of residence, secure some income, meet with a caseworker every two weeks, and accept counseling on establishing a daily schedule in anticipation of the child's return home. Petitioner was directed to assist with housekeeping and finances, if necessary. By order entered December 1, 1983, again in respondent's absence, temporary foster care was extended another six months, with the proviso that upon respondent's continued failure to heed the conditions stated, a permanent neglect petition would be entertained. Finally, on June 7, 1984, petitioner commenced the instant proceeding charging that, despite diligent efforts on its part, respondent had failed "substantially and continuously or repeatedly to maintain contact with or plan for the future of said child, although physically and financially able to do so" (Social Services Law § 384-b [7] [a]). It was further alleged that

the "child's parents are unable and/or unwilling to provide the physical and emotional care which said child requires during his childhood so as to develop properly". A hearing was held on July 17, 1984, at which testimony was given by petitioner's caseworkers, Kip's foster mother, respondent and her husband whom she had recently married. Family Court adjudicated Kip to be a permanently neglected child and this appeal ensued.

Respondent maintains that Family Court erred in determining that petitioner made diligent efforts to foster the relationship with her son. We agree. The Court of Appeals has recently instructed that a local agency must "affirmatively plead in detail and prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to strengthen the parent-child relationship and to reunite the family" *(Matter of Sheila G.,* 61 NY2d 368, 373). Whether petitioner has met this standard constitutes the threshold question before this court *(id.,* pp 385-386; *see, Matter of Jamie M.,* 63 NY2d 388, 390; *Matter of Star Leslie W.,* 63 NY2d 136, 142). A guideline as to what efforts are required is set forth in Social Services Law § 384-b (7) (f) *(see, Matter of Sheila G., supra,* p 384; *Matter of Amber W.,* 105 AD2d 888, 890). In designing a suitable strategy, the agency should be sensitive to the particular needs and capabilities of the parent, and proceed accordingly. To be remembered, however, is that these responsibilities are not one-sided, for the parent is obligated to cooperate with the agency in fulfilling his or her responsibilities toward the child *(Matter of Star Leslie W., supra,* p 144).

These principles in mind, our review of the record reveals that petitioner did encourage visitation by providing transportation and did inform respondent of the availability of welfare and Medicaid benefits, and other ancillary services, of which respondent failed to avail herself. Given respondent's predicament, however, these efforts were not sufficiently diligent. While she did indeed miss many of the weekly appointments without advance notice to the caseworkers, she never demonstrated a lack of desire to visit with her son. And while it is evident that petitioner was diligent in scheduling and providing transportation for visitation, there was a woeful lack of planning as to the nature and substance of respondent's interaction with her son during these visits. As is often the case, lack of employment and money were significant problems. There is nothing in the record which shows that either respondent or her husband were unwilling to work, make a

suitable home and be reunited with Kip, nor is there any inference that they were morally or ethically unfit. Indeed, the couple planned to keep Kip in foster care only until the husband secured employment and they procured a larger apartment. Petitioner, however, did little to help them find employment or housing, certainly far less than the diligent efforts required by statute. Homemaker assistance was not arranged until after the instant permanent neglect petition had been filed. Although respondent was denied public assistance for noncompliance with the application requirements, petitioner failed to instruct her as to the appropriate procedures. In our view, petitioner failed to prove that it exercised the meaningful and diligent efforts required to assist respondent in overcoming her problems and to reunite her with her child, as required by statute. Accordingly, we are compelled to reverse the order of Family Court and dismiss the petition.

Having so concluded, we briefly note that while respondent's efforts were far less than perfect, the record demonstrates that she has realistically attempted to both maintain a meaningful relationship with her son and plan for his future (see, Matter of Star Leslie W., 63 NY2d 136, 142-143, supra). These efforts further preclude a finding of "permanent neglect".

Order reversed, on the law and the facts, without costs, and petition dismissed. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.