■ In the Matter of LISA L. and Others, Alleged to be Permanently Neglected Children. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOANNE L. et al., Appellants.—Mahoney, P. J. Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered January 31, 1985, which granted petitioner's applications, in proceedings pursuant to Social Services Law § 384-b, to adjudicate Lisa L. and Donald L. permanently neglected children, and terminated respondents' parental rights.

This is an appeal from an order permanently terminating the parental rights of respondents as to the guardianship and custody of their two children on the basis of permanent neglect (Social Services Law § 384-b [4] [d]; [7] [a]). Respondents' primary contention is that petitioner failed to make diligent efforts to encourage the parental relationship as it was statutorily required to do *(see,* Social Services Law § 384-b [7] [a]). The agency must "affirmatively plead in detail and prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to strengthen the parent-child relationship and to reunite the family" *(Matter of Sheila G.,* 61 NY2d 368, 373; *see, Matter of Kip D.,* 115 AD2d 864). Guidelines as to what efforts are required are set forth in Social Services Law § 384-b (7) (f) *(see, Matter of Sheila G., supra,* p 384). In designing a suitable strategy, the agency should be sensitive to the particular needs and capabilities of the parents *(Matter of Kip D., supra)* and should not be unrealistic in light of the financial circumstances of the parents *(see,* Social Services Law § 384-b [7] [a]). Of course, the responsibilities are not one-sided, for the parents are obligated to cooperate with the agency in fulfilling their responsibilities toward the child *(Matter of Star Leslie W.,* 63 NY2d 136, 144).

Here, it is clear from the record that petitioner did make

diligent efforts to strengthen the parent-child relationship and to reunite the family. Respondents did not cooperate with these efforts. Central to petitioner's efforts was an attempt to arrange counseling for the children's father, who has an alcohol problem. Respondents' answer was to deny that a problem existed. They refused to cooperate in petitioner's plans, primarily by failing to keep scheduled appointments for counseling and meetings.

Respondents also claim that petitioner failed to prove that they did not maintain contact with, and plan for the future of, the children. This contention is not supported by the record. It is clear that respondents never made any serious effort to plan for the future of the children. Contrary to their assertions, this did not result from financial inability. Respondents were receiving public assistance and petitioner offered assistance in teaching them to budget their resources. However, respondents refused to cooperate with these efforts. Thus, it is clear that respondents did not plan for the future of the children. A default in this duty may support a finding of permanent neglect regardless of the maintenance of contact with the children (Matter of Star Leslie W., supra, pp 142-143).

Family Court's finding of permanent neglect is supported by clear and convincing evidence in the record and, accordingly, is affirmed.

Order affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.