■ In the Matter of YVONNE II. et al., Alleged to be Permanently Neglected Children. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMIE II., Appellant. (And Another Related Proceeding.)—Mahoney, P. J. Appeals from two orders of the Family Court of Clinton County (Feinberg, J.), entered January 22, 1985, which granted petitioner's applications, in proceedings pursuant to Social Services Law § 384-b, to adjudicate Yvonne and Geneva II. permanently neglected children, and terminated respondents' parental rights.

These are appeals from orders permanently terminating the

---

parental rights of respondents as to the guardianship and custody of their two daughters on the basis of permanent neglect (Social Services Law § 384-b [4] [d]; [7] [a]). Respondents argue that petitioner failed to make the statutorily required diligent efforts to encourage the parental relationship *(see,* Social Services Law § 384-b [7] [a]). The agency must "affirmatively plead in detail and prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to strengthen the parent-child relationship and to reunite the family" *(Matter of Sheila G.,* 61 NY2d 368, 373). Guidelines as to what efforts are required are set forth in Social Services Law § 384-b (7) (f) *(see, Matter of Sheila G., supra,* p 384). In designing a suitable strategy, the agency should be sensitive to the particular needs and capabilities of the parents and should not be unrealistic in light of their financial circumstances *(Matter of Lisa L.,* 117 AD2d 931). On the other hand, the parents are obligated to cooperate with the agency in fulfilling their responsibilities to the child *(Matter of Star Leslie W.,* 63 NY2d 136, 144).

It is clear from a review of the record that the caseworker for the agency made diligent efforts to strengthen the parental relationship by arranging meetings with the children and counseling sessions. The failure of these efforts was manifestly not the fault of the caseworker. It is clear that respondents did not trust the agency in general or the caseworker in particular. Respondents thus maintained an adversarial rather than cooperative relationship with the agency.

Finally, we reject the contention that the decision to declare the children permanently neglected was not supported by clear and convincing evidence. Petitioner's position was supported by the testimony of caseworkers as well as documentary evidence. Family Court was free, as the trier of fact, to credit this evidence in the face of the testimony of one of the respondents.

Orders affirmed, without costs. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.