■ In the Matter of DANIEL C., Also Known as DANIEL W., a Child Alleged to be Neglected. CATHOLIC GUARDIANSHIP SOCIETY, Respondent; DENISE W., Appellant.—Order of disposition, Family Court, New York County (Leah Marks, J.), entered September 13, 1989, which terminated the parental rights of respondent and transferred custody and guardianship to the petitioner agency and the Commissioner of Social Services of the City of New York for purposes of adoption, following a fact-finding determination on June 19, 1989 that respondent had permanently neglected her child, unanimously affirmed, without costs.

In June 1988, petitioner sought termination of respondent's parental rights, alleging that she had permanently neglected her son. The child came into foster care as a result of a neglect proceeding after admission to a hospital for treatment

for "failure to thrive". At age nine months, he weighed only eight pounds, eight ounces, was thin and weak and could not sit up or hold his head up or grasp a finger. After one month, he was placed in the foster home where he has resided ever since.

The credible evidence at the fact-finding hearing demonstrated that petitioner had exercised diligent efforts to encourage a parent-child relationship but that despite such efforts, respondent failed to maintain the substantial contact with her child or to plan for his return (Social Services Law § 384-b [7] [f]; *Matter of Sheila G.*, 61 NY2d 368, 373). The agency arranged for visitation on a biweekly basis but respondent attended only 44 of the 80 or more scheduled visits and arrived late at others. During visitation, she consistently demonstrated lack of parenting skills and ability to control or interact with her child. Petitioner also enrolled respondent in parenting skills programs and individual counseling sessions, which respondent failed to attend. Petitioner also failed to cooperate with caseworkers in locating suitable housing. Where, as here, the agency acts diligently but faces an uncooperative or indifferent parent, it has fulfilled the statutory duty, a duty which also requires a parent to undertake some initiative and responsibility to plan for the child. *(Matter of Jamie M.,* 63 NY2d 388.)

Testimony at the dispositional hearing established that the best interests of the child required termination of parental rights (Family Ct Act §§ 623-624, 631), and it was clearly in the child's best interests to be adopted by his foster mother with whom he has lived for 6½ years and with whom he has bonded. There is no presumption that the child's best interests will be best served by return to the natural parent *(Matter of Star Leslie W.,* 63 NY2d 136, 147). Concur—Milonas, J. P., Wallach, Asch, Kassal and Smith, JJ.