■ In the Matter of JESSICA FF., a Child Alleged to be Permanently Neglected. FRANKLIN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DONALD FF., Appellant. (Proceeding No. 1.) In the Matter of JESSICA FF., a Child Alleged to be Neglected. FRANKLIN COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; DONALD FF., Respondent. (Proceeding No. 2.) (And Four Other Related Proceedings.) [621 NYS2d 722]

—Peters, J. Cross appeals from an order of the Family Court of Franklin County (Rogers, J.), entered September 21, 1993, which, *inter alia,* (1) granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Jessica FF. a permanently neglected child, and terminated respondent's parental rights, and (2) dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Jessica FF. a neglected child.

We reject respondent's contention that petitioner failed to prove that it made diligent efforts to encourage and strengthen the parental relationship. The record fully supports Family Court's determination, by clear and convincing evidence, that petitioner exercised diligent efforts *(see, Matter of Star Leslie W.,* 63 NY2d 136) and that, notwithstanding such efforts, respondent failed to plan for the return of the child.

Respondent was unable to take custody of the infant child at birth due to his admitted alcohol abuse. Accordingly, petitioner's primary goal for respondent was drug and alcohol rehabilitation. In furtherance thereof, respondent was provided with alcohol rehabilitation which included in-patient treatment, transportation, counseling and other services concerning his disability.

Responsibility for planning for a child to reside with its birth parent is not one-sided. The parent is specifically obligated to cooperate with the agency *(see, Matter of Kip D.,* 115 AD2d 864; *see also, Matter of Star Leslie W., supra).* Here, respondent wholly failed to meaningfully participate in the services provided. Family Court noted that respondent's abuse of alcohol was apparent, with respondent coming to court on several occasions smelling strongly of alcohol. Respondent's alcohol abuse and refusal to cooperate with offered treatment programs further caused his welfare subsidy to be withdrawn. Moreover, while petitioner offered to help respondent find suitable housing, respondent's active alcoholism prevented maintenance of adequate housing facilities. Respondent's failure to address or recognize these problems prevented his acquisition of custody. Hence, his failure to take advantage of the services offered clearly supported Family Court's determination that respondent failed to plan for the return of his child *(see, Matter of Albert T.,* 188 AD2d 934; *Matter of Jennie EE.,* 187 AD2d 877, *lv denied* 81 NY2d 706; *Matter of Daniel C.,* 169 AD2d 691, *lv denied* 77 NY2d 809; *Matter of Kevin PP.,* 154 AD2d 739).

Respondent also contends that Family Court erred in failing to hold a dispositional hearing, while petitioner and the Law Guardian contend that all parties stipulated to waive a hearing. We find that while the record does contain a colloquy concerning the parties' agreement to submit written summations, there is no specific waiver of the statutorily required dispositional hearing. Accordingly, this matter must be remitted to Family Court for that purpose *(see,* Family Ct Act § 625 [a]; § 631; *see also, Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M.,* 83 NY2d 178; *Matter of Casondra W.,* 184 AD2d 1070).

As to petitioner's appeal from Family Court's dismissal of the neglect petition against respondent, we find such dismissal to be error. The child was removed from her mother's custody at birth and has never resided with respondent. Actual custody, however, is not a condition precedent to the filing of a neglect petition. If a parent's conduct poses an imminent risk to an infant's life or health, the child may be placed in the custody of the State without ever having been in the physical care of a parent *(Matter of Alfredo HH.,* 84 AD2d 860). Further, a parent's failure to provide proper supervision or guardianship can be based solely upon a finding of misuse of alcoholic beverages if such misuse causes the parent to lose self-control of his or her actions or engage in other acts of a similar nature requiring the aid of the court *(see,* Family Ct Act § 1012 [f] [i] [B]). The record herein fully supports the conclusion that respondent's alcoholism rose to the level contemplated by the Legislature in enacting Family Court Act § 1012. In connection therewith, we note that respondent failed to voluntarily and regularly participate in offered rehabilitative programs *(see,* Family Ct Act § 1012 [f] [i] [B]). Accordingly, since we agree with petitioner that a finding of permanent neglect is not inconsistent with a finding of neglect *(see,* Family Ct Act § 1055 [h]), Family Court should have granted the neglect petition.

Mikoll, J. P., and Yesawich Jr., J., concur.

Casey, J. (dissenting in part and concurring in part). Although Family Court may have erred in its finding that respondent's child was not neglected within the meaning of Family Court Act § 1012 (f) (i), the order dismissing the neglect proceeding pursuant to Family Court Act article 10 should be affirmed. Family Court Act § 1051 (c) provides that in a case of alleged neglect, the petition should be dismissed if the court concludes that its aid is not required on the record before it. The record in this case conclusively establishes that

the aid which the court could provide in a Family Court Act article 10 neglect proceeding is not needed.

Family Court Act article 10 "is designed to establish procedures to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being" (Family Ct Act § 1011). The child in this case is and has been in petitioner's custody. The child also was found to be a permanently neglected child within the meaning of Social Services Law § 384-b (7) and, therefore, the court's dispositional options are governed by Family Court Act § 631 (see, Family Ct Act § 611). The procedures in a proceeding pursuant to Family Court Act article 6 provide greater protection of the child's interests than do those in a proceeding pursuant to Family Court Act article 10 (see, Matter of Tammie Z., 66 NY2d 1, 4-5; compare, Family Ct Act § 631, with Family Ct Act § 1052). In these circumstances, there is no need for the procedures established by Family Court Act article 10 and, therefore, the neglect petition was properly dismissed.

Crew III, J., concurs. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as dismissed petitioner's application to adjudicate Jessica FF. a neglected child and terminated respondent's parental rights in the permanent neglect proceeding; petitioner's application to adjudicate Jessica FF. a neglected child is granted and matter remitted to the Family Court of Franklin County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.*

---

* While respondent also appealed from a dismissal of his custody petition, he failed to address this issue on appeal.