(September 18, 2003)

■ In the Matter of DENZELL H. and Others, Children Alleged to be Permanently Neglected. ALONZA A., Appellant; SHELTERING ARMS CHILDREN'S SERVICES et al., Respondents. [764 NYS2d 268] —Orders of disposition, Family Court, New York County (Jody Adams, J.), entered on or about July 3, 2001, which, to the extent appealed from as limited by the brief, upon fact-finding determinations of permanent neglect, terminated respondent father's parental rights to the subject children, and committed custody and guardianship of the children to the Commissioner of Social Services and petitioner agency for the purpose of adoption, unanimously affirmed, without costs.

Petitioner agency established by clear and convincing evidence that although it diligently endeavored to strengthen respondent's relationship with his children, respondent permanently neglected the children by failing to plan for their future (*see* Social Services Law § 384-b [7]; *Matter of Arron Brandend C.*, 267 AD2d 107 [1999]). The agency's progress notes document its efforts during the statutorily relevant period to facilitate communication between the children and respondent, who was then incarcerated. Those efforts were, however, unavailing because the children had little or no connection to respondent, respondent having been absent from the family since 1991 and having been barred from visiting with the children by reason of an outstanding order of protection against him. In addition, while petitioner recommended that respondent participate in therapeutic programs to address, inter alia, drug abuse and anger management issues, the recommended programs were never completed by respondent. Although respondent suggested other family members as possible resources for the children pending his possible parole, the agency's records indicate that the identified family members never contacted the agency and never visited the children, and, moreover, that two of the suggested family resources were deemed psychologically unfit to care for the children.

Respondent, as he presented himself in his testimony, was not a viable resource for the children, nor was he able to suggest any other viable family resource or other plan for the children's future care. The agency, on the other hand, presented proof that the children had been properly nurtured dur-

ing their lengthy stays with their foster families and, on this record, the court properly found, by a preponderance of the evidence, that the best interests of the children would be served by terminating respondent's parental rights so as to free the children for adoption (*see Matter of Tenisha Tishonda T.*, 302 AD2d 534 [2003]). Concur—Buckley, P.J., Tom, Ellerin, Marlow and Gonzalez, JJ.