■ In the Matter of BRITTANY NOEL G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GRADY EDWARD G., Appellant. [804 NYS2d 390]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), dated August 25, 2004, which, after fact-finding and dispositional hearings, terminated his parental rights and transferred guardianship and custody of the subject child to the petitioner for the purpose of adoption.

Ordered that the order is affirmed, without costs or disbursements.

On January 24, 2003, Brittany Noel G., then age five, was placed in the custody of the Suffolk County Department of Social Services (hereinafter the agency), and on June 17, 2004, the agency filed a permanent neglect petition against her father (hereinafter the appellant). A child is permanently neglected

when a parent "has failed for a period of more than one year following the date such child came into the care of an authorized agency substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship when such efforts will not be detrimental to the best interests of the child" (Social Services Law § 384-b [7] [a]). The agency met its burden of establishing by clear and convincing evidence that the father permanently neglected his child (*see Matter of Orlando F.,* 40 NY2d 103 [1976]; *Matter of Lenasia R.,* 21 AD3d 378 [2005]).

The evidence adduced at the fact-finding hearing established that the appellant had been incarcerated for most of Brittany's life and that he failed to maintain contact with her since she was placed in foster care or to plan for her future (*see* Social Services Law § 384-b [7] [a]; *Matter of Orlando F., supra; Matter of Lenasia R., supra*). Furthermore, the agency was relieved of its obligation to make diligent efforts to strengthen the parental relationship because it properly determined that such efforts were not in the best interest of the child, and the appellant failed for at least six months to apprise the agency of his location (*see* Social Services Law § 384-b [7] [a], [e] [i]; *Matter of Desire Star H.,* 202 AD2d 582, 583 [1994]; *Matter of Jamal B.,* 287 AD2d 898, 901 [2001]).

Brittany has been with her present foster parents since April 17, 2003, and they wish to adopt her. The evidence adduced at the dispositional hearing thus supports the Family Court's determination that freeing Brittany for adoption was in her best interests (*see Matter of Denzell H.,* 308 AD2d 370, 370-371 [2003]; *Matter of Stephanie Jane S.,* 303 AD2d 412 [2003]). Cozier, J.P., Ritter, Spolzino and Lunn, JJ., concur.