■ In the Matter of LIAM FRANCIS P., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GEORGE S., Appellant, et al., Respondent. [809 NYS2d 180]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals, as limited by his brief, from so much of an order of fact-finding and disposition of the Family Court, Kings County (Elkins, J.), dated November 19, 2004, as, after fact-finding and dispositional hearings, found that he permanently neglected the subject child, terminated his parental rights, and transferred guardianship and custody of the subject child to the Administration for Children's Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

In a proceeding to terminate parental rights based on permanent neglect, the presentment agency must establish, as a threshold matter, that it exerted diligent efforts to encourage and strengthen the parental relationship (see Matter of Sheila G., 61 NY2d 368, 371 [1984]). Contrary to the father's contention, the evidence presented at the fact-finding hearing established that the presentment agency made diligent efforts to assist him in maintaining contact with his child and planning for his future (see Social Services Law § 384-b [7] [a]) by facilitating visitation and referring him to various resources and services to help plan for the future (see Matter of Craig Robert B., 21 AD3d 412, 413 [2005]; Matter of Ebony Starr B., 14 AD3d 507, 508 [2005]). Moreover, the finding of permanent neglect was supported by clear and convincing evidence that the father failed to continually visit the child and neglected to plan for his future (see Matter of Distiny Angelina N., 18 AD3d 755, 756 [2005]; Matter of Love Russell J., 7 AD3d 799, 800 [2004]).

The Family Court properly denied the father's request for a suspended judgment as a suspended judgment was not in the best interest of the child (see Matter of Star Leslie W., 63 NY2d 136 [1984]; Matter of Daniel C., 169 AD2d 691, 692 [1991]). Florio, J.P., Ritter, Skelos and Lifson, JJ., concur.