■ In the Matter of AILAYAH SHAWNEQUE L. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; MELVIN LEON L., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of AZIZ MELVIN L. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; MELVIN LEON L., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of JABREEL RASHIN L. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; MELVIN LEON L., Appellant, et al., Respondent. (Proceeding No. 3.) [838 NYS2d 102]—

In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals, as limited by his brief, from so much of three orders of fact-finding and disposition of the Family Court, Kings County (Lim, J.) (one as to each child), all dated March 28, 2006, as, after fact-finding and dispositional hearings, found that he permanently neglected the subject children, terminated his parental rights, and transferred custody and guardianship of the subject children to the Commissioner of Social Services for the City of New York and Catholic Home Bureau for Dependent Children for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contention, the evidence presented at the fact-finding hearing established that the presentment agency made diligent efforts to assist him in planning for the future of his children (*see* Social Services Law § 384-b). These efforts included scheduling regular visits with the children, counseling the father as to the importance of attending such visits and random drug screenings, and changing the day of visitation in order to accommodate his schedule (*see Matter of*

*Amy B.,* 37 AD3d 600 [2007]; *Matter of Liam Francis P.,* 26 AD3d 385 [2006]; *Matter of Daniella C.G.,* 25 AD3d 494 [2006]). Despite these efforts, the father failed to plan for the future of the children, as he exhibited sporadic attendance at scheduled visits, at one point failing to attend any visits during a 14-month period. In addition, the father refused to acknowledge a drug problem on the part of the mother, despite the fact that two of the subject children were born with positive toxicologies for cocaine. To the extent that the court did not find credible the father's testimony with respect to certain excuses he provided for his failure to consistently attend visitation, the court's assessment of his credibility must be accorded great deference, and we decline to disturb the court's findings (*see Matter of Todd D.,* 9 AD3d 462 [2004]; *Matter of Sal D.,* 307 AD2d 261 [2003]). Under the circumstances, the father failed to adequately plan for the future of his children and the finding of permanent neglect was supported by clear and convincing evidence (*see Matter of Liam Francis P.,* 26 AD3d 385 [2006]; *Matter of Maryline A.,* 22 AD3d 227 [2005]; *Matter of Terrell H.,* 11 AD3d 296 [2004]; *Matter of Lamikia Shawn S.,* 276 AD2d 279 [2000]).

In light of the fact that the children had bonded with their foster mother, with whom they had lived for over three years at the time of the dispositional hearing, and that the father's visitation attendance remained sporadic and he even failed to appear at the dispositional hearing on the day he was to testify on his own behalf, the Family Court properly found that the best interests of the children would be served by terminating the father's parental rights and freeing the children for adoption (*see Matter of Crystal C.,* 219 AD2d 601, 602 [1995]). Spolzino, J.P., Ritter, Florio and McCarthy, JJ., concur.