■ In the Matter of LEAVON MARVIN B., Also Known as LEAVON B., Also Known as LEAVON W., Appellant. SCO FAMILY OF SERVICES et al., Respondents; PAULINE B., Respondent. [876 NYS2d 111]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Lim, J.), dated April 28, 2008, which, after a fact-finding hearing, found, inter alia, that he permanently neglected the subject child, and after a dispositional hearing at which he failed to appear, terminated his parental rights and transferred guardianship and custody of the subject child to the Commissioner of Social Services of the City of New York and the petitioner, SCO Family of Services, for the purpose of adoption.

Ordered that the appeal from so much of the order as terminated the father's parental rights and freed the child for adoption, upon the father's default in appearing at the dispositional hearing, is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

Since the father did not appear at, and his attorney did not participate in, the dispositional hearing, those portions of the order which terminated the father's parental rights and freed the child for adoption were entered upon his default and are not appealable (*see Matter of Joseph Kenneth B.,* 47 AD3d 809 [2008]; *Matter of Jessica Dee D.,* 6 AD3d 435 [2004]). However, because the father was present at the fact-finding hearing, he may appeal from those portions of the order which found, inter alia, that he permanently neglected the child (*see Matter of Amber Megan D.,* 54 AD3d 338 [2008]; *Matter of Vanessa M.,* 263 AD2d 542 [1999]).

In a proceeding to terminate parental rights based on perma-

nent neglect, the presentment agency must establish, as a threshold matter, that it exerted diligent efforts to encourage and strengthen the parental relationship (*see Matter of Sheila G., 61 NY2d 368, 373 [1984]*). However, because the incarcerated father failed to keep the agency apprised of his whereabouts for at least six months, the agency's obligation to demonstrate diligent efforts was excused (*see* Social Services Law § 384-b [7] [a], [e] [i]; *Matter of Kimberly Vanessa J., 37 AD3d 185 [2007]; Matter of Brittany Noel G., 22 AD3d 754 [2005]; Matter of Desire Star H., 202 AD2d 582 [1994]*). In any event, after the father contacted the agency upon his release from prison, the agency made diligent efforts to assist him in maintaining contact with his child and planning for his future (*see Matter of Jonathan R., 30 AD3d 426 [2006]; Matter of Liam Francis P., 26 AD3d 385 [2006]*). The father failed to attend more than half the scheduled visitations with his child and neglected to plan for his future (*see Matter of Ailayah Shawneque L., 40 AD3d 1097 [2007]; Matter of Distiny Angelina N., 18 AD3d 755 [2005]*). Accordingly, the Family Court properly made a finding of permanent neglect.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Ritter, Miller and Belen, JJ., concur.