In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), dated March 13, 2012, which, upon a decision of the same court also dated March 13, 2012, made after fact-finding and dispositional hearings, determined that he permanently neglected the subject child, terminated his parental rights, and transferred the custody and guardianship of the subject child to the Suffolk County Department of Social Services for the purpose of adoption.
Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The petitioner agency established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the father and the subject child (see Social Services Law § 384-b [7]; Matter of Ailayah Shawneque L., 40 AD3d 1097, 1097-1098 [2007]; Matter of Darlene L., 38 AD3d 552, 554-555 [2007]; Matter of Justina Rose D., 28 AD3d 659, 659-660 [2006]). These efforts included setting up meetings with the father to review the child’s service plan, discussing the importance of compliance, providing referrals to the father for substance abuse counseling and parenting classes, discussing the importance of the father’s obtaining suitable income and housing, and scheduling visitation between the father and the child (see Matter of B. Mc. [Dawn Mc.], 99 AD3d 713, 714 [2012]; Matter of Hadiyyah J.M. [Fatima D.R.], 91 AD3d 874, 874-875 [2012]; Matter of Ailayah Shawneque L., 40 AD3d at 1097-1098). Despite these efforts, the father failed to plan for the future of the child (see Matter of Justin I.B. [Natalie BJ, 99 AD3d 897, 897 [2012]; Matter of Jonathan B. [Linda S.], 84 AD3d 1078, 1079 [2011]; Matter of Malen Sansa V. [Nancy J], 70 AD3d 707, 708 [2010]; Matter of Darlene L., 38 AD3d at 555).
Further, the Family Court correctly determined that it would be in the child’s best interests not to enter a suspended judgment, but instead to terminate the father’s parental rights and free the child for adoption by her foster parents, with whom she had bonded and with whom she had lived for more than half of her life (see Social Services Law § 384-b [7] [a]; Matter of Walter D.H. [Zaire L.], 91 AD3d 950, 951 [2012]; Matter of Hadiyyah *774 J.M. [Fatima D.R.], 91 AD3d at 875; Matter of Sarah Jean R., 290 AD2d 511, 512 [2002]). Under the circumstances of this case, the father’s belated attempts to comply with the agency’s service plan were insufficient to warrant imposition of a suspended judgment (see Family Ct Act §§ 631 [b]; 633; Matter of Walter D.H. [Zaire L.], 91 AD3d at 951; Matter of Angelica W [Dorothy W.], 80 AD3d 772, 773 [2011]). Skelos, J.R, Balkin, Dickerson and Hinds-Radix, JJ., concur.