Matter of Mariama J. (Jainaba C.) (2018 NY Slip Op 02900)





Matter of Mariama J. (Jainaba C.)


2018 NY Slip Op 02900


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Mazzarelli, J.P., Kapnick, Kahn, Kern, Singh, JJ.


6391

[*1]In re Mariama J., A Dependent Child Under the Age of Eighteen Years, etc., Jainaba C., Respondent-Appellant, Lutheran Social Services of New York, Petitioner-Respondent.


Larry S. Bachner, New York, for appellant.
Carrieri & Carrieri, P.C., Mineola (Ralph R. Carrieri of counsel), for respondent.
Dawne Mitchell, The Legal Aid Society, New York (Raymond E. Rogers of counsel), attorney for the child.



Order of fact-finding, Family Court, Bronx County (Carol R. Sherman, J.), entered on or about October 18, 2016, which determined, after a hearing, that respondent permanently neglected the subject child, unanimously affirmed, without costs.
We deem the notice of appeal from the fact-finding order a request for permission to appeal, and grant the request (compare Matter of Alyssa L. [Deborah K.], 93 AD3d 1083, 1085-1086 [3d Dept 2012]).
The finding of permanent neglect is supported by clear and convincing evidence (Social Services Law § 384-b[7][a], [3][g][i]). The record shows that petitioner agency made diligent efforts to encourage and strengthen the parental relationship by arranging for contact between respondent, who is incarcerated, and the child, obtaining services for respondent during her incarceration, reminding her of her planning obligations, and keeping her updated on the child's progress (see Matter of Eddie Christian S., 44 AD3d 504 [1st Dept 2007], lv denied 9 NY3d 818 [2008]; Matter of Denzell H., 308 AD2d 370 [1st Dept 2003]; Social Services Law 384-b[7][f]). However, while respondent tried to maintain contact with the child, she failed to plan for the child's future. Her initial plan, to have the child cared for by relatives, resulted in the child's abuse and maltreatment by her care givers. Her only other plan, to keep the child in foster care during the period of her incarceration, which was estimated to extend to at least 2020, was no plan at all (Matter of Danyel Ramona C., 306 AD2d 127, 128 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK