Matter of George R. (Samatha M.) (2018 NY Slip Op 04733)





Matter of George R. (Samatha M.)


2018 NY Slip Op 04733


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-12473
 (Docket No. B-606-16)

[*1]In the Matter of George R. (Anonymous). SCO Family of Services, respondent, et al., petitioner; Samatha M. (Anonymous), appellant.


Geanine Towers, Brooklyn, NY, for appellant.
Carrieri & Carrieri, P.C., Mineola, NY (Ralph R. Carrieri of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Dawne Mitchell and Riti P. Singh of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Lillian Wan, J.), dated November 17, 2016. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred guardianship and custody of the subject child to the petitioners for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The subject child was born in August 2013, and was placed in foster care when he tested positive for benzodiazepine, methadone, and opiates. In January 2016, the SCO Family of Services (hereinafter the agency) and the Commissioner of Social Services of the City of New York (hereinafter together the petitioners) commenced this proceeding to terminate the parental rights of the mother and the putative father. After fact-finding and dispositional hearings, the Family Court issued an order of fact-finding and disposition determining, inter alia, that the mother permanently neglected the child, terminating her parental rights, and transferring guardianship and custody of the child to the petitioners for the purpose of adoption. The mother appeals.
Generally, to establish that a mother permanently neglected her child, an agency has [*2]to establish, by clear and convincing evidence, that for a period of one year following the child's placement with the agency, the mother failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parent-child relationship (see Social Services Law § 384-b[4], [7][a]). The threshold inquiry in a proceeding to terminate parental rights generally is whether the agency demonstrated that it exerted diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7][a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429; Matter of Sheila G., 61 NY2d 368, 373). However, here, because the mother failed to keep the agency apprised of her whereabouts for at least six months, the agency was not required to prove that it made diligent efforts (see Social Services Law § 384-b[7][e][i]; Matter of Jackie Ann W. [Leticia Ann W.], 154 AD3d 459, 461; Matter of Leavon Marvin B., 60 AD3d 941, 942; Matter of Brittany Noel G., 22 AD3d 754, 755). In any event, the agency established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the mother's relationship with the child. These efforts included scheduling and supervising parental access, and providing the mother with referrals to drug treatment programs, parenting classes, and counseling (see Matter of Lierre J.M. [Melissa L.D.], 150 AD3d 1009, 1010; Matter of Hector V.P. [Mariana V.], 146 AD3d 889, 890; Matter of William Z. [Millie A.S.], 123 AD3d 937, 938).
The agency demonstrated that the mother did not appear for scheduled parental access with the child for approximately one year. There is no basis to disturb the Family Court's finding that the mother's explanation for her failure to appear was not credible (see Matter of Breana R.S. [Triana B.-S.], 148 AD3d 1157, 1158; Matter of Derrick D.A. [Shavonna L.L.D.], 134 AD3d 928, 929). Accordingly, the mother's failure to maintain contact with the child was sufficient to support a finding of permanent neglect (see Matter of Karina J.M. [Carmen Enid G.], 145 AD3d 893, 895; Matter of Jayden Isaiah O. [Rossely R.-O.], 144 AD3d 465, 465; Matter of Jonathan Jose T., 44 AD3d 508, 509; Matter of Emily A., 216 AD2d 124, 124-125).
The Family Court also properly determined that it was in the child's best interests to terminate the mother's parental rights, rather than to enter a suspended judgment, and to free the child for adoption (see Family Ct Act § 631; Matter of Nay'amya W.R. [Kiara D.], 135 AD3d 770, 771; Matter of Aleeyah T.M. [Shalicia A.], 127 AD3d 1197, 1198; Matter of Yamilette M.G. [Marlene M.], 118 AD3d 698, 700).
DILLON, J.P., BALKIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court